SARAH M. SHERMAN *vs.* RICHARD D. RAWSON.

In an action by a woman for breach of a promise of marriage, the jury, in estimating damages, may take into account the fact of her seduction by the defendant, as tending to increase the mortification and distress suffered by her.

The party who has put a cross-interrogatory in a deposition cannot object to the reading at the trial of the answer thereto, on the ground that it relates to a matter inquired of by a direct interrogatory the answer to which has been excluded at the trial, unless he gave notice at the taking of the deposition that the cross-interrogatory was offered *de bene esse.*

At the trial of an action for breach of a promise of marriage, evidence that the plaintiff's brother kept a bawdy-house, without any evidence to connect the plaintiff therewith, is inadmissible.

CONTRACT for breach of a promise of marriage. The defendant denied the promise. At the trial in the superior court, before *Devens, J.*, it appeared that there had been sexual intercourse between the plaintiff and defendant, and the plaintiff had been delivered of a child. The plaintiff contended that this intercourse was procured by her seduction by the defendant, bu~

the defendant contended that it was without solicitation on his part.

The plaintiff put in evidence the deposition of Augusta Griffith, who testified that the defendant frequently brought the plaintiff to his house, paid for her meals, and walked and drove with her. This deposition contained the following direct interrogatory : " State whether or not, from his attentions to her, you were led to suppose that they were engaged, or that he was waiting upon her, or paying attention to her with a view of marrying her." The answer to this interrogatory was, on the objection of the defendant, excluded by the court. The defendant had filed, among others, the following cross-interrogatory : " How did he bear himself towards her, and what attention did he pay to her in your presence, that was a part of the reason you inferred their engagement ? " The answer to this cross-interrogatory was : " He wanted to keep near where she was in the room, sometimes with his arm round her waist." The defendant asked the judge to exclude this cross-interrogatory, with its answer, on the ground that it was filed with reference to a direct interrogatory and answer which the court had excluded, but the judge allowed the cross-interrogatory and answer to be read to the jury.

" The defendant proposed to ask the plaintiff, on cross-examination, what sort of a house her brother kept, about the time of the alleged promise; to which the plaintiff objected, and the judge refused to allow the question to be put. The defendant stated that he proposed to show that the brother kept a house of ill-fame, and that she frequently went to said house; and thereupon, without objection, asked the plaintiff whether she did not frequent her brother's house, and she testified that she never did. To the refusal to allow the above question to be put, the defendant objected."

Upon the question of damages, the defendant asked the judge to give the jury several instructions, of which the first and fifth were as follows :

" 1. If the jury believe that the defendant seduced the plaintiff under a promise of marriage, still that fact cannot in any event

aggravate the damages. She cannot recover damages for any mortification and pain or distress of mind, except such as resulted solely from the defendant's refusing to keep his promise; and the fact that she had been seduced by him is not an element of damages, directly or indirectly, and in estimating what amount the plaintiff should recover the jury are to dismiss that consideration from their minds. If, therefore, the jury should believe that the plaintiff was so seduced, and that her mortification and distress of mind were increased by reason of that fact, still they must exclude it from their computation of damages."

"5. If the defendant promised to marry the plaintiff and refused to fulfil his promise, whatever mortification and pain or distress of mind the plaintiff has suffered, resulting from her own criminal conduct, cannot properly be taken into the account in computing damages."

The judge instructed the jury substantially as requested except as to the matters embraced in these two prayers for instructions; and as to these he instructed them that in estimating damages "they might further consider the mortification and distress of mind which she had sustained in other respects than by the injury to her affections by the breach of his promise to marry her; that in this case the plaintiff claimed to have proved that, yielding to the solicitations of the defendant, she had been seduced by him under his promise of marriage, and induced to have sexual intercourse with him, the result of which had been the birth of a child, still living; that, if these facts stated had been proved, they might consider them in awarding damages for the mortification and distress suffered by the plaintiff; and that they would have the legitimate tendency to increase them."

The verdict was for the plaintiff; and the defendant alleged exceptions.

*P. E. Aldrich & F. P. Goulding*, for the defendant. 1. The answer to the cross-interrogatory should have been excluded; the direct interrogatory and answer were properly excluded, and the cross-interrogatory was intended to test the value of the opinion expressed by the witness; and when the judge excluded

that opinion and inference, the defendant had a right to withdraw his examination upon that point.

2. The question as to what sort of a house the plaintiff's brother kept should have been allowed. The offer was not to prove, by the plaintiff, that she frequented her brother's house, and the rejection of the evidence was absolute, and not an exercise of discretion as to the order of proof. It was, therefore, after such rejection, immaterial for the defendant to prove the fact that the plaintiff frequently visited the house.

3. The defendant's first and fifth prayers for instructions should have been granted. The fact of seduction is not an element of damages ; because it is a distinct cause of action, for which the defendant is or may be liable to another person; because the seduction is a mutual act, and the maxim *volenti non fit injuria* applies to the case; and because it is against public policy to allow a person to recover damages of a *particeps criminis* for the consequence of a crime committed by them jointly. So far as the mortification and distress of mind result from the seduction, they do not result from the defendant's refusal to fulfil his promise, but from a mutual crime antecedent to such refusal. *Paul* v. *Frazier*, 3 Mass. 71. *Weaver* v. *Bachert*, 2 Penn. State, 80. *Burks* v. *Shain*, 2 Bibb, 341. The want of any recognition in the English cases·of such an element of damages as is contended for by the plaintiff is a strong negative argument. Treat, C. J., in *Tubbs* v. *Van Kleek*, 12 Ill. 446.

*G. F. Hoar & G. F. Verry*, for the plaintiff, cited *Paul* v. *Frazier*, 3 Mass. 71; Sedgwick on Damages, (5th ed.) 369, and cases there cited ; *Green* v. *Spencer*, 3 Missouri, 318; *Hill* .v. *Maupin*, Ib. 323; *Burks* v. *Shain*, 2 Bibb, 341 ; *Whalen* v. *Layman*, 2 Blackf. 194; *Wells* v. *Padgett*, 8 Barb. 323 ; *Kniffen* v. *McConnell*, 30 N. Y. 285 ; *Burnett* v. *Simpkins*, 24 Ill. 264· *King* v. *Kersey*, 2 Ind. 402 ; *Tubbs* v. *Van Kleek*, 12 Ill. 446, *Coil* v. *Wallace*, 4 Zabr. 291 ; *Roper* v. *Clay*, 18 Missouri, 383· *White* v. *Campbell*, 13 Grat. 573; *Greenleaf* v. *McColley*, 14 N. H. 303 ; *Stiles* v. *Telford*, 10 Wend. 338.

COLT, J. The defendant's prayers for instructions were al. given substantially as asked for, except the first and fifth. In

these the court was further asked to rule, in substance, that the alleged seduction could not in any event aggravate the damages; that it was not an element directly or indirectly to be considered by the jury in estimating what amount the plaintiff should recover, although her mortification and distress of mind had been thereby increased; and that whatever mortification she had suffered from her own criminal conduct could not be taken into account. These rulings were properly refused.

It may be true that damages for the seduction, as a distinct ground of action, cannot be added to the damages which the plaintiff is entitled to recover for a breach of the alleged promise to marry. It would be an indirect mode by which the plaintiff could recover damages for an act which cannot be the foundation of an action in favor of the party seduced, because the policy of the law forbids satisfaction, to a partner in the crime, for a supposed injury to which she was consenting.

But it does not follow that the fact of the seduction is not to be taken into consideration at all by the jury. The action is nominally for a breach of contract, but the measure of damages is fixed by rules not precisely like those which apply to ordinary contracts where injury to the person is not involved. They are awarded upon principles more commonly applicable in actions of tort. The plaintiff is entitled to compensation, but that term implies indemnity for all that she has suffered by the defendant's bad faith. It includes injury to her affections and wounded pride. It involves necessarily a consideration of all the circumstances of the plaintiff's actual situation at the time of the breach of the promise. If, by reason of an imprudent or criminal act in which both participated, she is brought to such a state that the suffering occasioned to her feelings and affections must necessarily be increased by his abandonment, then that would be but an inadequate and poor compensation which did not take it into account. Damages, it is true, must be awarded solely for the suffering which results from the defendant's refusal to perform his promise. But under this rule even they cannot be justly estimated without regarding the increased exposure to mortification and distress, to which she has been left by a seduction under promise of marriage afterwards broken.

We understand this to have long been the law of this Commonwealth. The remark of Parsons, C. J., in *Paul* v. *Frazier*, 3 Mass. 71, 73, in reference to the damages to be awarded in these cases, seems to go further. The defendant cannot be heard to plead, in reduction of damages, that the injury was more aggravated than it would have been if his own improper advances had been resisted. *Littlehale* v. *Dix*, 11 Cush. 364. The current of American authority, if we except the decisions of Pennsylvania and Kentucky, is all consistent with the law here stated. The last decision in Pennsylvania, while it follows *Weaver* v. *Bachert*, 2 Penn. State, 80, in the doctrine that seduction cannot be given in evidence, still states the rule that all the circumstances attending the breach, before, at the time, and after, may be given in evidence in aggravation of damages. *Baldy* v. *Stratton*, 11 Penn. State, 316. *Wells* v. *Padgett*, 8 Barb. 323. *Tubbs* v. *Van Kleek*, 12 Ill. 446. *Kniffen* v. *McConnell*, 30 N. Y. 285.

The instructions of the learned judge upon these points were accurately given in view of the distinctions stated. The jury were told that the plaintiff was entitled to such damages as she was proved to have incurred by the breach of the defendant's promise; that they might consider the mortification and distress of mind which she had sustained in other respects than by the injury to her affections; that, if she had been seduced by him, they might consider it, in awarding damages for the mortification and distress suffered; and that, it would have a legitimate tendency to increase them.

As to the questions of evidence submitted. The answer to the defendant's cross-interrogatory was properly admitted. To have excluded it, notice should have been given by the defendant, at the taking of the deposition, that it was offered *de bene esse*. *Linfield* v. *Old Colony Railroad Co.* 10 Cush. 562, 570.

The evidence of the character of the brother's house, without any evidence to connect her with it, was rightly excluded.

*Exceptions overruled.*