## Miller v. Hayes.

Marriage: BREACH OF PROMISE: EVIDENCE. In an action for damages for breach of promise to marry, evidence that, since the commencement of the action, the plaintiff has made declarations to the effect that she had no affection for defendant, and would not think of marrying him but for his property, is not admissible on the part of the defendant in mitigation of damages.

*Appeal from Buchanan Circuit Court.*

Thursday, July 25.

Action to recover damages for the breach of an alleged promise to marry. The defendant, for answer, first denied the promise; and second, averred that, since the promise, the plaintiff had conducted herself in a dissolute manner, and had been guilty of adultery. Trial to a jury; verdict and judgment for plaintiff for $5,400. The defendant appeals.

*James Burt* and *L. H. Cady* for the appellant.

No appearance for the appellee.

COLE, J.— There is but a single exception to the rulings and decisions of the court in the entire record, and the counsel for the appellant make but one point in their argument; that arises as follows: The defendant took the deposition of one Ellen McMahon, and, among others, propounded to her: "Int. 4. Did you ever have any conversation with the plaintiff about marrying the defendant, and, if so, state when and what the conversation was? Ans. She, the plaintiff, came into my house· once, and I was scolding her about having any thing to do with Mr. Hayes (the defendant), as˙ he was such an odd man, nobody could get along with him.˙ She said she thought she could humor him. She said she would not marry him any more·than if he were a dog, if it was not for his property. She said she was forbid· to say she would not marry him, as her lawyers said she must say she would marry him. This conversation· was held after the suit was commenced; I don't know what time it was." This answer was objected to, on the ground that it was irrelevant and immaterial. The court sustained the objection. The defendant excepted, and now assigns such ruling as error.

It will be noted that the conversation, detailed by the rejected testimony, took place "*after the suit was commenced.*" And, it will also be observed, that the statement of the plaintiff, as detailed by the witness, is, that "she would not marry him any more than if he were a dog, if it was not for his property;" that is, she declares her *then present* feelings, that she would not marry him, in view of what had occurred. She does not say that she would not, at any time, have married him but for his property. Now, Mr. Parsons says, that "an offer to renew or

execute the contract after a refusal should be no defense; *nor a change of feeling*, nor the fact that another had supplanted the plaintiff in the affections of the defendant." 2 Pars. on Cont. (5th ed.) 68. And, it is said by Mr. Sedgwick, that "no evidence can be given of any fact having a tendency to aggravate the damages which has occurred after the commencement of the suit." Sedg. on Meas. Dam. (5th ed.) 423. If no evidence of any fact occurring after the suit commenced can be given to aggravate damages, it seems very reasonable, and entirely reciprocal, that no such evidence ought to be received to mitigate the damages. This seems to be "according to the strict rules of evidence," as was said by SUTHERLAND, J., in delivering the opinion of the court in the case of *Stiles* v. *Tilford*, 10 Wend. 339. And this rule was declared and applied by the supreme court of New Hampshire, in an action for a breach of promise, where an indecent and insulting letter, written by the defendant to the plaintiff after the suit was commenced, was held incompetent. *Greenleaf* v. *McCalley*, 14 N. H. 304.

Although the court instructed the jury that in fixing the amount of damages they should take into consideration the injured feelings, affections, and wounded pride as well as loss of marriage, yet this rejected testimony was not competent in mitigation of damages as tending to show that there was no affection, since the declaration offered related to the plaintiff's feelings at the time it was made. This evidence showing a change of feeling is, as Mr. Parsons says, no defense. The plaintiff may well have thought, in view of the defendant's failure to keep his promise, and all that had occurred, that there was nothing desirable remaining to defendant except his property.

Affirmed.