ANDREW J. GLASSCOCK v. JOHN SHELL, FOR USE OF AND AS NEXT FRIEND OF VIRGINIA SHELL, A MINOR.

(Case No. 2786.)·

1. CITATION — COPY OF PETITION.— That the copy of the petition served upon the defendant was not authenticated by the seal of the court, is not a reason for quashing the service of citation.

2. PLEADING — BREACH OF PROMISE TO MARRY.— It is not necessary to allege the age of the plaintiff in· a suit for breach of promise to marry, so that the court may thereby judge whether plaintiff was of marriageable age at the making of the alleged contract.

3. SAME.— In an action for breach of promise to marry, it is necessary that the facts be set out which are relied upon as damages.

4. SAME.— The usual elements of actual damages include the disappointment of reasonable expectations; the money value or worldly advantages of the proposed marriage; the injury to the feelings and affections; the wounding of the pride, and the actual outlay in the preparation for the marriage, etc. If relied upon, they should be alleged and proven.

5. SAME.— If such specific facts are not alleged and proven as elements of damage, upon objection made in the proper time and ·manner, the plaintiff would be entitled only to nominal damages.

6. SAME — CHARGE OF COURT.— The charge should apply to the allegations and proof in each case, and the proper rule for the measure of damages should be given in such cases; a failure is error.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

The facts are sufficiently given in the opinion.

*A. J. Peeler* and *S. R. Fisher*, for appellant.

I. The service copy of the petition served upon the defendant Glasscock was not authenticated by the seal of the court, and the service should have been quashed. Pasch. Dig., arts. 1430, 1431, 1433; Chambers *v.* Chapman, 32 Tex., 569; Frosh *v.* Schlumpf, 2 Tex., 422.

II. The petition failed to allege the age of Virginia, from which the court could judge whether she was of marriageable age or of the age of consent, as fixed by statute, and defendant's general demurrer thereto should have been sustained. Pasch. Dig., arts. 4667, 7119; Schouler, Dom. Rel., 32; 1 Bish. Mar. and Div., 4th ed., sec. 149; id., 32, 33; Tyler on Inf. and Cov., 125; Frost *v.* Vought, 37 Mich., 65; S. C., 5 Cent. L. J., 275.

III. In the absence of allegations or proof of special damages, or of aggravating circumstances attending a breach of promise of marriage, a charge which fails to advise the jury that damages are to be awarded upon the principle of compensation for the wrong done or injury actually sustained, and which leaves the question of amount solely to them without guide, restricting them only by the amount claimed in the petition, is erroneous. Rules by which damages are measured are questions of law; the amount to which a party may be entitled is a question of fact. G. H. & S. A. R. R. Co. *v.* Le Gierse, 51 Tex., 189. The court should indicate the rule. R. R. *v.* Nixon, 52 Tex., 19; Hadley *v.* Baxendale, 9 Exch., 341; Blake *v.* Midland R. R., 21 L. J. (Q. B.), 237; Knight *v.* Egerton, 7 Exch., 407. For cases reversed because the charge of the court was too broad, the jury being left to assess damages without the application of any rule of law, see R. R. *v.* Adams, 89 Pa. St., 31; S. C., 8 Reporter, 121; R. R. *v.* Kelley, 7 Casey, 372; R. R. *v.* Ogier, 11 Casey, 60. For cases of breach of promise of marriage holding that special damages must be alleged, see Cates *v.* McKinney, 48 Ind., 562; Leavitt *v.* Cutler, 37 Wis., 46; Bedell *v.* Powell, 13 Barb., 183. For breach of promise cases in which the rules or principles by which damages were to be assessed were laid down by the courts, see Harrison *v.* Swift, 13 Allen (Mass.), 144; Kelley *v.* Riley, 106 Mass., 339; S. C. 8 Am. Rep., 336; Sherman *v.* Rawson, 102 Mass., 395; Fiddler *v.* McKinlay, 21 Ill., 314; Miller *v.* Rosier, 31 Mich., 475; Dryden *v.* Knowles, 33 Ind., 148.

IV. In an action for breach of promise of marrige, where no special damages or aggravating circumstances are averred or proved, the jury should be told that the case does not call for vindictive or punitory damages, and that their award should proceed upon the principle of compensation for the injuries and losses actually sus-

tained.   Harrison *v.* Swift, 13 Allen (Mass.), 144; Dryden *v.* Knowles, 33 Ind., 148; Miller *v.* Rosier, 31 Mich., 475; Sherman *v.* Rawson, 102 Mass., 395; Fiddler *v.* McKinlay, 21 Ill., 314; Kelley *v.* Riley, 106 Mass., 339; S. C., 8 Am. Rep., 336.

V.  Where a court, when asked, refuses to give a proper charge, which has been omitted in the general charge, and the party asking it may have been injured by such omission and refusal, the judgment will be reversed.   Thompson on Charging the Jury, sec. 78; Green *v.* White, 37 N. J., 405; Ellsworth *v.* R. R. Co., 34 N. J., 93.

*McFadin, Fisher & Dalrymple*, and *Walton, Green & Hill*, for appellee.

I.  An infant female under twenty-one years of age and over fourteen, being possessed of legal capacity to contract marriage, has the right to appear either in person or by attorney or next friend, by suit to recover for a breach of such contract.   Willard *v.* Stone, 7 Cow., 22; Hunt *v.* Peck, 5 Cow., 475; Holt *v.* Ward, 2 Strange, 937.

II.  The suit was correctly brought by John Shell, as the father and natural guardian, for the use of Virginia C. Shell.   Pasch. Dig., arts. 10–42; Cannon *v.* Hemphill, 7 Tex., 184; Byrne *v.* Love, 14 Tex., 87; Robson *v.* Osborn, 13 Tex., 299; Bingham on Infancy (ed. 1824), 118; id. (ed. 1848), 117, and note 1, citing McGiffin *v.* Stout, Coxe (N. J.), 72; Rucker *v.* McNeely, 4 Blackf. (Ind.), 179; Thomas *v.* Dike, 11 Vt., 273; Hardy *v.* Scanlan, 1 Miles (Penn.), 87; Trask *v.* Stone, 7 Mass., 241; Miles *v.* Bayden, 3 Pick., 213; Kid *v.* Mitchell, 1 Nott & McCord, 334; Hamilton *v.* Foster, 1 Brev., 464; Schermerhorn *v.* Jenkins, 7 Johns., 373; Smith *v.* Van Houten, 4 Halst. (N. J.), 381; Fellows *v.* Nivers, 18 Wend., 563; Heft *v.* McGill, 3 Barr (Penn.), 256; Drago *v.* Moso, 1 Spears (S. C.), 212; Blood *v.* Harrington, 8 Pick., 552; Fitch *v.* Fitch, 18 Wend., 513; Priest *v.* Hamilton, 2 Tyler (Vt.), 49; Bloom *v.* Burdick, 1 Hill, 130; Barber *v.* Graves, 18 Vt., 290; Porter *v.* Robinson, 3 A. K. Marsh. (Ky.), 253; White *v.* Albertson, 3 Dev. (N. C.), 241; Althorp *v.* Backus, Kirby (Conn.), 407.

III.  The court correctly instructed the jury as to the law of the case, as the law leaves to the jury alone the amount of the recovery incident upon a breach of contract to marry, restricting them only by confining them within the limits of the damages laid in the petition.   Johnson *v.* Jenkins, 24 N. Y., 257; 2 Parsons on Contracts, 68; Torre *v.* Somers, 2 N. & M., 267; Coryelle *v.* Calbaugh, Coxe, 77; Stout *v.* Prall, Coxe, 79; Green *v.* Spencer, 3 Mo., 318; Hill *v.* Maupin, 3 Mo., 323; Southard *v.* Rexford, 6 Cow., 254;

1 Sedg. (7th ed.), p. 448, side page 210; Lawrence v. Cook, 56 Me., 187; Miller v. Hayes, 34 Iowa, 496.

IV. When no special damages have been alleged, the question of the amount of damages should be left to the jury, who are restricted to the amount in the petition.

*Terrell & Walker* also filed brief for appellee.

BONNER, ASSOCIATE JUSTICE.— This is a case of first impression in this court, and we have endeavored to give it full consideration, in the light of the arguments and briefs of the learned counsel.

It is an action for breach of promise of marriage, brought by appellee, John Shell, as next friend and for the use of Virginia C. Shell, a minor, against appellant, Andrew J. Glasscock. The petition, after setting forth the contract of marriage, alleges a simple breach, without any circumstances of aggravation whatever, and contains a general allegation of damages in the gross sum of $10,000. No special damages are alleged. There was no evidence of seduction or aggravation of like character. Judgment was rendered for the plaintiff for $4,000, from which this appeal is taken.

Under the disposition made of the case, it is not deemed necessary to pass upon all the questions presented, and particularly as some of them will not arise upon another trial. The first assigned error presents a preliminary question of jurisdiction as follows:

" The court erred in overruling the defendant's motion to quash the service of the citation and petition in said cause."

The proposition under this assignment is that " the service copy of the petition served upon the defendant Glasscock was not authenticated by the seal of the court, and the service should have been quashed."

The statement under this proposition reads:

" November 6, 1874, the defendant filed a plea in abatement, duly sworn to, appearing for the purposes of the plea only, alleging that the copy of the petition served upon him was not authenticated by the seal of the district court, accompanying the plea with the affidavit of the sheriff, to the effect that the copy of the petition served on Glasscock had no seal. On hearing of the motion, the defendant produced to the court the copy served upon him, which wanted the seal of the court, and also exhibited the affidavit of the sheriff. The motion being overruled, defendant excepted."

We think the case of Thomas v. Womack, 13 Tex., 580, decisive of the question against the appellant, and that this assignment is

not well taken. Neither do we think the third assigned error well taken, that the court erred in overruling Glasscock's demurrer to the petition, because it failed to allege the age of the said Virginia, so that the court could judge whether she was or not of marriageable age.

The question was raised by general and not by special demurrer.

The decisive question in the case arises upon the general charge of the court as given to the jury, and the refusal of the second and fifth special charges as asked by appellant Glasscock.

The general charge is as follows:

" 1. If, from the evidence, you believe that there was a mutual agreement between the defendant A. J. Glasscock on the one part, and Miss Jennie Shell on the other part, to marry each other; and you further believe, from the evidence, that the defendant has broken that engagement, and has refused to carry the same into execution, against the wish and consent of the said Jennie Shell, then the plaintiff is entitled to a verdict. As to the amount of the recovery incident upon a breach of contract to marry, the law leaves the question to the jury alone, restricting them only by confining them within the limits of the damages laid in the petition.

" 2. If you believe, from the evidence in this case, that there was an engagement, and that it was broken off by mutual consent of the parties thereto, then the defendant is entitled to a judgment.

" 3. It is for you, gentlemen, to determine whether the plaintiff is entitled to recover; if so, then the law leaves the question of amount to you, and, from the facts and circumstances given in evidence, you are expected by the law to deal with the case justly and fairly."

The second and fifth special instructions, pertinent to the above proposition, which were asked and refused, are as follows:

" 2. There being no special damages averred and stated by plaintiff in her petition, the jury cannot find vindictive or exemplary damages.

" 5. To justify a verdict for anything more than compensatory damages, such facts and circumstances must have been proved as aggravated the injury and added to the contumely, increasing mental agony, and bringing public disgrace and consequent loss of reputation, and in the absence of such facts and circumstances, the jury will not find a verdict for punitory damages." The charge of the court is given above, and reference thereto will show that it is silent upon the view of the law presented in above special instructions.

From the errors assigned upon the above charges as given and

refused, two questions arise — *first*, what is the measure of damages in case, where a simple breach of contract of marriage is alleged without any grounds of aggravation; *second*, is it the duty of the court to give this measure of damages in charge to the jury?

I. As to the proper measure of damages. The question here presented is not whether a recovery in this character of action, like that of libel, slander, seduction and criminal conversation, might not be had for enhanced damages, commonly called vindictive or exemplary damages, above those given for actual compensation only, under proper allegations, and evidence of circumstances of shame, indignity and contumely, but what, under the naked obligation of breach, without circumstances of aggravation, is the measure of damages.

As a general rule, the measure of damages must be governed by allegations which constitute legal grounds for damages, and the evidence in support of these allegations.

Our system, with perhaps a single exception, is one of special pleadings. The statute provides that the petition shall contain "a full and clear statement of the cause of action, and such other allegations, pertinent to the cause, as the plaintiff may deem necessary to sustain his suit, and without any distinction between suits at law and in equity, and shall also state the nature of the relief which he requests of the court." R. S., art. 1195; Pasch. Dig., art. 1427.

It is said by Wheeler, J., in Carter *v.* Wallace, that "whatever may have been the necessity at common law . . . of specially pleading the matters sought to be set up in the charge in question, there can be no doubt they must have been specially averred here, where each party is required to state the *facts* relied on as constituting his cause of action or ground of defense." 2 Tex., 208; Mims *v.* Mitchell, 1 Tex., 443.

Mr. Sedgwick, in his work on Damages, vol. 2 (7th ed.), 607, quotes approvingly from Chitty's Pleadings the rule at common law, upon the subject of pleading damages specially, as follows: "Damages, says Mr. Chitty, are either general or special. General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place, and are not implied by law, and are either superadded to general damages arising from an act injurious in itself, as where some particular loss arises from the uttering of slanderous words actionable in themselves, or such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences; as where words become actionable only by reason of special damage ensuing.

It does not appear necessary to state the former description of damages in the declaration; because presumptions of law are not in general to be pleaded or averred as facts. But when the law does not *necessarily imply* that the plaintiff sustained damages by the act complained of, it is essential to the validity of the declaration that the resulting damages should be shown with particularity; and when the damages sustained have not necessarily accrued from the act complained of, and consequently not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it."

Mr. Sedgwick adds in note to page 606, that "all legal damage must, whether the action be in contract or in tort, *naturally* result from the act or default complained of. . . . And where special damage is essential to the maintenance of the action, such special damage must be alleged." Numerous authorities are cited in support of these rules, and among them quite a number which relate to actions of tort.

Coke, J., in Moore v. Anderson, thus lays down the rule in this state: "Such damages as necessarily result from the injury are known as general damages, and may be recovered on a general allegation of damage. But when the damages are the natural consequences, but not the necessary result of the act complained of, they are termed special damages, which the law does not imply, and must be specially alleged, in order to lay a basis for proof and recovery. Some damages are always presumed to follow the violation of any right or duty, and therefore the party injured is entitled to nominal damages if none greater are proved." 30 Tex., 230, citing 9 Tex., 395; 23 Tex., 202; 1 Greenl. Ev., § 254.

In Irwin v. Cook, 24 Tex., 244, which was an action for slander, Wheeler, C. J., says no special damages were alleged, and under the plaintiff's allegations no evidence of special damages was admissible. The plaintiff relied for recovery solely on the legal inference of damages arising from the use of words actionable in themselves.

In that case a verdict and judgment for merely nominal damages were sustained.

A breach of promise of marriage is, by the authorities generally, classed as a tort, and as seen above, the authorities require special damages in such cases to be pleaded, else they cannot be the basis for a recovery.

In Wallace *v.* Finberg, this rule is not only recognized, but the further rule is announced by Roberts, C. J., that if exemplary damages are claimed in addition to actual damages, they should be separately pleaded, with averments respectively appropriate to each remedy, which are essentially different in the facts necessary to be averred. 46 Tex., 37. This rule has been repeatedly announced since in Railroad Co. *v.* Le Gierse, 51 Tex., 189, and other cases.

Precisely what damages the law would infer from a breach of promise of marriage, or, in other words, what would be not only the *natural* but also the *necessary* result of such breach, and hence what may be given in evidence without special allegation, may admit of question. The authorities upon this subject to which we have access relate more to what is the rules for the measure of damages in such cases, and in which no question of pleading is raised, than to the precise question under consideration. To this general effect are the authorities cited by counsel for appellee Shell in support of the judgment of the court below. The novelty of the question with us will excuse a brief review of them.

In Johnson *v.* Jenkins, 24 N. Y., 252, it was decided that the defendant was entitled to give in evidence certain matters in mitigation of damages. The general doctrine is there announced, that, in a proper case, exemplary damages may be allowed.

Torre *v.* Somers, 2 Nott & McCord, 267, was a case of criminal conversation, and not of breach of promise, in which the rule is announced, but which is not the practice of this court, that a new trial will not be granted because the damages are excessive. R. S., art. 1448.

Coryelle *v.* Calbaugh, Coxe, 77, was an action of breach of promise fully proven, with strong circumstances of aggravation, and in which it was held that the plaintiff was entitled to exemplary damages.

Stout *v.* Prall, Coxe, 79, was an action for debauching plaintiff's daughter and getting her with child, and in which exemplary damages were allowed.

In Green *v.* Spencer, 3 Mo., 319, and Hill *v.* Maupin, id., 324, it was decided that seduction might be given in evidence to aggravate the damages in an action for breach of promise of marriage.

In Southard *v.* Rexford, 6 Cow., 254, the general doctrine was announced, that damages in cases of breach of promise rest in the sound discretion of the jury, "under the circumstances of each particular case." These circumstances, of course, had to be developed by proper allegation and evidence. In fact, that case turned upon the effect of a false plea of record, filed by the defendant, and which

he failed to support by evidence, that the plaintiff had been guilty of fornication.

In Miller v. Hayes, 34 Iowa, 496, the question was whether the defendant, in mitigation of damages, could prove certain declarations of the plaintiff to the effect that she had no affection for him.

In Lawrence v. Cooke, 56 Me., 187, an instruction to the jury that evidence in regard to the defendant's property was admissible for the purpose of showing inter alia "the injury to plaintiff's affections, if any, and the mortification and pride resulting from the breach," was held unexceptionable; also that the plaintiff was entitled to such damages as would place her in as good condition pecuniarily·as she would have been if the contract had been fulfilled. ᐧIt was further held that the jury could consider, as an element of damage, any unjust imputation upon the plaintiff's character. The addition in the head-note in this connection, "whether there was or was not any evidence upon which to predicate it," is self-contradictory, and not supported either by principle or authority.

It is believed that an examination of these cases will show that none of them turned upon a question of pleading, or of a charge held to be improper because not supported by the pleading or evidence.

We are also referred by counsel for appellee to the rule laid down in 1 Sedg. on the Measure of Damages (7th ed.), 449, to the effect that in this character of action, though in form ex contractu, yet, from the nature of the case, it being impossible to fix any rule or measure of damages, the jury are authorized to take into consideration all the circumstances, and that they have an absolute discretion over the amount of compensation, provided the verdict is not the result of prejudice, passion or corruption.

An examination of the context will show that the learned author was discussing an exception to the general rule laid down on page 445, that damages in actions of contract are to be limited to the consequences of the breach alone, and that no regard was to be had to the motive which induced the violation, and which motive is the foundation of exemplary damages. He simply intended to announce that, as an exception to a general rule, exemplary damages could be recovered in a proper case for breach of promise of marriage.

As a general rule, and particularly under our system of pleading, what is necessary to be proven should be first alleged. A mere conclusion of law, however, need not be alleged. The usual elements of actual damages, as deduced from the authorities, includes

the disappointment of reasonable expectations, the money value or worldly advantages of the proposed marriage, the injury to the feelings and affections, and the wounding of the pride; also the actual outlay in the preparation for the marriage. Harrison *v.* Swift, 13 Allen, 145; Sherman *v.* Rawson, 102 Mass., 399. It by no means, however, follows that the above are both the *natural* and *necessary* results of a breach of promise of marriage, for it is a well known fact in every day practical life, that the breach often affords as much satisfaction and convenience to the one party as to the other. If, then, they are not both the natural as well as the necessary results of the breach, the law will not imply any damage by reason of them, and under the authorities above cited, if they are not alleged and proven as elements of damage, the plaintiff would, when the objection is made, etc., in the proper time and manner, be entitled to nominal damages only. However this may be, it is believed that no well considered case can be found in which it has been held, under a system of pleading like ours, that upon a mere allegation of simple breach of promise of marriage, as in the present case, the law would imply any other than compensatory damages; or in which, in the absence of allegations and evidence of circumstances of aggravation, a verdict and judgment has been approved for exemplary damages.

II. Was it the duty of the court to have charged the jury what, in this case, constituted the basis upon which they should estimate the damages?

It was the duty of the court to have given in charge to the jury the law of the case. Pasch. Dig., art. 1464. It is said in substance in Hadley *v.* Baxendale, 9 Exch., 353, that it is of the last importance that the jury should be given in charge the rules for the measure of damages; otherwise they are left without any definite guide, and the greatest injustice might follow. This was the rule laid down by this court in Railroad Co. *v.* Le Gierse, 51 Tex., 204, and perhaps other cases.

These rules should be deduced by the judge below from the allegations and evidence in the particular case. Instead of doing this in the case under consideration, the learned judge below assumed substantially in the first part of the charge, not from the evidence but from the pleadings, that the measure of damages was limited only by the gross amount claimed in the petition. Although in cases where the jury are properly instructed otherwise upon the measure of damages arising from the pleadings and evidence, it may not be abstract error for the court to tell them that their verdict must not

exceed the gross amount claimed in the pleadings, yet the propriety of such a charge, even in those cases, is very questionable, as the jury are apt to take such an expression as an intimation upon the part of the court that the evidence would authorize a verdict for the full amount. But when, without being otherwise instructed as to the true measure of damages, they are told, in effect, that the amount of their verdict is limited only by that claimed by the plaintiff, it is such palpable error, calculated to mislead the jury, as demands a reversal of the judgment. If such were the rule, important rights of parties would depend, not upon the oath of the jury to try the case according to the law and the evidence, but upon the mere arbitrary amount claimed in the petition.

The charge in this case not only wholly failed to instruct the jury as to the legal measure of damages, but gave them an improper instruction on this point, which would, to some extent, have been corrected by the charges asked and refused. Under the charge as given, the jury could well have found, as probably they did, a verdict for exemplary damages.

There was error in the general charge as given, and also in the refusal of the charges asked, for which the judgment below is reversed and the cause remanded. Railroad Co. v. Adams, 89 Pa. St.. 36.

REVERSED AND REMANDED.

[Opinion delivered June 6, 1882.]