## A. J. GLASSCOCK vs. JOHN SHELL, NEXT FRIEND.

### SUPREME COURT, AUSTIN TERM, 1882.

*Breach of promise of marriage—Authentication of service copy of petition—Charge of court—Measure of damages—Pleading.*—On authority of Thomas vs. Womack (13 Texas, 580), objection that the copy of the petition which was served upon defendant was not authenticated by the seal of the court was properly overruled.

A breach of promise of marriage is generally classed as a tort, and requires special damages in such cases to be pleaded, else they cannot be the basis for recovery.

Precisely what damages the law would infer from a breach of promise of marriage, or, in other words, what would be not only the *natural*, but also the *necessary* result of such breach, and, hence, what may be given in evidence without special allegation, may admit of question.

No well considered case can be found in which it has been held, under a system of pleading like ours, that, upon a mere allegation of simple breach of promise of marriage, the law would imply any other than compensatory damages, or in which, in the absence of allegations and evidence of circumstances of aggravation, a verdict and judgment has been approved for exemplary damages.

When, without being otherwise instructed as to the true measure of damages, the jury are told, in effect, that the amount of their verdict is limited only by that claimed by the plaintiff, it is such palpable error, calculated to mislead the jury, as demands a reversal of the judgment.

Appeal from District Court of Williamson county—Opinion by Bonner, J.—This is a case of first impression in this court, and we have endeavored to give it full consideration, in the light of the arguments and briefs of the learned counsel.

It is an action for breach of promise of marriage, brought by appellee, John Shell, as next friend, and for the use of Virginia C. Shell, a minor, against appellant, Andrew J. Glasscock. The petition, after setting forth the contract of marriage, alleges a simple breach, without any circumstances of aggravation whatever, and contains a general allegation of damages in the gross sum of $10,000. No special damages are alleged. There were no evidences of seduction or aggravation of like character. Judgment was rendered for the plaintiff for $4000, from which this appeal is taken.

Under the disposition made of the case, it is not deemed necessary to pass upon all the questions presented, and particularly, as some of them will not arise upon another trial. The first assigned error presents a preliminary question of jurisdiction, as follows: "The court erred in overruling the defendant's motion to quash the service of the citation and petition in said cause."

The proposition under this assignment is that: "The service copy of the petition served upon the defendant, Glasscock, was not authenticated by the seal of the court, and the service should have been quashed."

The statement under this proposition reads: "November 6, 1874, the defendant filed a plea in abatement, duly sworn to, appearing for the purposes of the plea only, alleging that the copy of the petition served upon him was not authenticated by the seal of the district court, accompanying the plea with the affidavit of the sheriff, to the effect that the copy of the petition served on Glasscock had no seal. On hearing of the motion the defendant produced to the court the copy served upon him, which wanted the seal of the court, and also exhibited the affidavit of the sheriff. The motion being overruled, defendant excepted."

We think the case of Thomas vs. Womack, 13 Texas, 580, decisive of the question against the appellant, and this assignment is not well taken. Neither do we think the third assigned error well taken, that the court erred in overruling Glasscock's demurrer to the petition, because it failed to allege the age of the said Virginia, so that the court could judge whether she was or not of marriageable age.

The question was raised by general and not by special demurrer.

The decisive question in the case arises upon the general charge of the court as given to the jury, and the refusal of the second and fifth special charges as asked by appellant Glasscock. The general charge is as follows:

" 1.   If, from the evidence, you believe that there was a mutual agreement between the defendant, A. J. Glasscock, on the one part, and Miss Jennie Shell, on the other part, to marry each other; and you further believe, from the evidence, that the defendant has broken that engagement, and has refused to carry the same into execution, against the wish and consent of the said Jennie Shell, then the plaintiff is entitled to a verdict.   As to the amount of the recovery incident upon a breach of contract to marry, the law leaves the question to the jury alone, restricting them only by confining them within the limits of the damage laid in the petition.

" 2.   If you believe, from the evidence in this case, that there was an engagement, and that it was broken off by mutual consent of the parties thereto, then the defendant is entitled to a judgment.

" 3.   It is for you, gentlemen, to determine whether the plaintiff is entitled to recover; if so, then the law leaves the question of amount to you, and, from the facts and circumstance given in evidence, you are expected by the law to deal with the case justly and fairly."

The second and fifth special instructions, pertinent to the .above proposition, which were asked and refused, are as follows:

" 2.   There being no special damages averred and stated by plaintiff in her petition, the jury cannot find vindictive or exemplary damages.

" 5.   To justify a verdict for anything more than compensatory damages, such facts and circumstances must have been proved as aggravated the injury and added to the contumely, increasing mental agony and bringing public disgrace and consequent loss of reputation, and, in the absence of such facts and circumstances, the jury will not find a verdict for punitory damages"   The charge of the court is given above, and reference thereto will show that it is silent upon the view of the law presented in above special instruction.

From the errors assigned upon the above charge as given and refused, two questions arise:   First—What is the measure of damages in a case where a simple breach of contract of marriage is alleged, without any grounds of aggravation?   Second—Is it the

duty of the court to give this measure of damages in charge to the jury?

1. As to the proper measure of damages: The question here presented is not whether a recovery in this character of action, like that of libel, slander, seduction and criminal conversation, might not be had for enhanced damages, commonly called vindictive or exemplary damages, above those given for actual compensation only, under proper allegations and evidence of circumstances of shame, indignity and contumely; but what, under the naked allega. tion of breach, without circumstances of aggravation, is the measure of damages?

As a general rule, the measure of damages must be governed by allegations, which constitute legal grounds for damage, and the evidence in support of these allegations.

Our system, with perhaps a single exception, is one of special pleadings. The statute provides that the petition shall contain "a full and clear statement of the cause of action and such other allegation, pertinent to the cause as the plaintiff may deem necessary to sustain his suit, and without any distinction between suits at law and in equity, and shall also state the nature of the relief which he requests of, the court." (Rev. Stats., article 1195; P. D., article 1427.)

It is said by Wheeler, J., in Carter vs. Wallace, that "whatever may have been the necessity at common law * * * of specially pleading the matters sought to be set up in the charge in question, there can be no doubt they must have been specially avoided here, where such party is required to state the *facts* relied on as constituting his cause of action or ground of defense." (2 Texas, 208; Mims vs. Mitchell, 1 Texas, 443.)

Mr. Sedgwick, in his work on Damages, volume 2 (7 ed.), 607, quotes appropriately from Chitty's Pleadings the rule at common law upon the subject of pleading damages specially, as follows: "Damages, says Mr. Chitty, are either general or special. General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages, are such as really .took place, and are not implied by law, and are either superadded to general damages arising from an act injurious in itself, as when some particular loss arises from the uttering of slanderous words actionable in themselves, or such as arise from an act indifferent, and not actionable in itself, but injurious only in its conse-

quences, as where words become actionable only by reason of special damages ensuing. It does not appear necessary to state the former description of damages in the declaration; because presumptions of law are not in general to be pleaded or averred as facts. But when the law does not *necessarily imply* that the plaintiff sustained damages by the act complained of, it is essential to the validity of the declaration, that the resulting damages should be shown with particularity; and when the damages sustained have not necessarily accrued from the act complained of, and consequently not implied by law, then, in order to prevent the surprise on the defendant, which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it."

Mr. Sedgwick adds, in note to page 606, that "all legal damages must, whether the action be in contract or in tort, *naturally* result from the act or default complained of, * * * and where special ( amage is essential to the maintainance of the action, such special damages must be alleged." Numerous authorities are cited in support of these rules, and among them quite a number which relate to actions of tort.

Coke, J., in Moore vs. Anderson, thus lays down the rule in this State: "Such damages as necessarily result from the injury are known as general damages, and may be recovered on a general allegation of damage. But where the damages are the natural consequences, but not the necessary result, of the act complained of, they are termed special damages, which the law does not imply, and must be specially alleged, in order to lay a basis for proof and recovery. Some damages are always presumed to follow the violation of any right or duty, and therefore the party injured, is entitled to nominal damages, if none greater are proved." (30 Texas, 230; citing 9 Texas, 395; 23 Texas, 202; 1 Greenleaf Ev., § 254.)

In Irwin vs. Cook (24 Texas, 244), which was an action for slander, Wheeler, chief justice, says no special damages were alleged, and, under the plaintiff's allegations, no evidence of special damages was admissible. The plaintiff relied for recovery solely on the legal inference of damages arising from the use of words actionable in themselves.

In that case a verdict and judgment for merely nominal damages was sustained.

A breach of promise of marriage is, by the authorities generally,

classed as a tort, and, as seen above, the authorities require special damages in such cases to be pleaded, else they cannot be the basis for a recovery.

In Wallace vs. Finberg, this rule is not only recognized, but the further rule is announced by Roberts, chief justice, that, if exemplary damages are claimed in addition to actual damages, they should be separately pleaded, with amounts respectively appropriate to each remedy, which are essentially different in the facts necessary to be averred. (46 Texas, 37.) This rule has been repeatedly announced since, in Railroad Company vs. LeGierse, 51 Texas, 189, and other cases.

Precisely what damages the law would infer from a breach of promise of marriage, or, in other words, what would be not only the *natural* but also the *necessary* result of such breach, and, hence, what may be given in evidence without special allegation, may admit of question. The authorities upon this subject, to which we have access, relate more to what is the rules for the measure of damages in such cases, and in which no question of pleading is raised, than to the precise question under consideration. To this general effect are the authorities cited by counsel for appellee, Shell, in support of the judgment of the court below. The novelty of the questions with us will excuse a brief review of them.

In Johnson vs. Jenkins (24 N. Y., 252) it was decided that the defendant was entitled to give in evidence certain matters in mitigation of damages. The general doctrine is there announced, that, in a proper case, exemplary damages may be allowed.

Torre vs. Somers, 2 Nott & McCord, 267, was a case of criminal conversation, and not of breach of promise, in which the rule is announced, but which is not the practice of this court, that a new trial will not be granted because the damages are excesisve. (Rev. Stat., art. 1448.) Coryelle vs. Calbaugh, Coxe, 77, was an action for breach of promise, fully proven, with strong circumstances of aggravation, and in which it was held that the plaintiff was entitled to exemplary damages.

Stout vs. Prall, Coxe, 79, was an action for debauching plaintiff's daughter, and getting her with child, and in which exemplary damages were allowed.

In Green vs. Spencer, 3 Mo., 319, and Hill vs. Maupin, Id., 324, it was decided that seduction might be given in evidence to aggravate the damages in an action for breach of promise of marriage.

3ᴇ

In Southard vs. Rexford, 6 Cowen, 254, the general doctrine was announced that damages in cases of breach of promise rest in the sound discretion of the jury, "under the circumstances of each particular case." These circumstances, of course, had to be developed by proper allegation and evidence. In fact, that case turned upon the effect of a false plea of record, filed by the defendant, and which he failed to support by evidence that the plaintiff had been guilty of prevarication.

In Miller vs. Hayes, 34 Iowa, 496, the question was, whether the defendant, in mitigation of damages, could prove certain declarations of the plaintiff to the effect that she had no affection for him.

In Lawrence vs. Cooke, 65 Me., 187, an instruction to the jury that evidence in regard to the defendant's property was admissible for the purpose of showing *inter alia* "the injury to plaintiff's affections, if any, and the mortification and pride resulting from the 'breach,'" was held unexceptionable; also that the plaintiff was entitled to such damages as would place her in as good condition, pecuniarily, as she would have been if the contract had been fulfilled. It was further held that the jury could consider, as an element of damage, any unjust imputation upon the plaintiff's character. The addition in the head note in this connection, "whether there was or was not any evidence upon which to predicate it," is self-contradictory, and not supported either by principle or authority.

. It is believed that an examination of these cases will show that none of them turned upon a question of pleading, or of a charge held to be improper because not supported by the pleading or evidence.

We are also referred by counsel for appellee to the rule laid down in 1 Sedg. on the Measure of Damages (7 ed., 449), to the effect that in this character of action, though in form *ex contractu*, yet, from the nature of the case, it being impossible to fix any rule or measure of damages, the jury are authorized to take into consideration all the circumstances, and that they have an absolute discretion over the amount of compensation, provided the verdict is not the result of prejudice, passion or corruption.

An examination of the context will show that the learned author was discussing an exception to the general rule laid down on page 445, that damages in action of contract are to be limited to the consequences of the breach alone, and that no regard was to be had to the motive which induced the violation, and which motive is the

foundation of exemplary damages. He simply intended to announce that, as an exception to the general rule, exemplary damages could be recovered, in a proper case, for breach of promise of marriage.

As a general rule, and particularly under our system of pleading, what is necessary to be proven should be first alleged. A mere conclusion of law, however, need not be alleged. The usual elements of actual damages, as deduced from the authorities, include the disappointment of reasonable expectations, the money value or worldly advantages of the proposed marriage, the injury to the feelings or affections, and the wounding of the pride; also the actual outlay in the preparation for the marriage. (Harrison vs. Swift, 13 Allen, 145; Sherman vs. Rawson, 102 Mass., 399.) It, by no means, however, follows that the above are both the *natural* and *necessary* results of a breach of promise of marriage, for it is a well known fact in every day practical life that the breach often affords as much satisfaction and convenience to the one party as to the other. If, then, they are not both the natural as well as the necessary results of the breach, the law will not imply any damage by reason of them, and, under the authorities above cited, if they are not alleged and proven as elements of damage, the plaintiff would, when the objection is made at the proper time and manner, be entitled to nominal damages only. However this may be, it is believed that no well considered case can be found in which it has been held, under a system of pleading like ours, that, upon a mere allegation of simple breach of promise of marriage, as in the present case, the law would imply any other than compensatory damages; or, in which, in the absence of allegations and evidence of circumstances of aggravation, a verdict and judgment has been approved for exemplary damages.

2. Was it the duty of the court to have charged the jury, what in this case constituted the basis upon which they should estimate the damages?

It was the duty of the court to have given in charge to the jury the law of the case. (P. D., art. 1464.)

It is said, in substance, in Hadley vs. Baxandale, 9 Exch., 353, that it is of the last importance that the jury should be given in charge the rules for the measure of damages; otherwise they are left without any definite guide, and the greatest injustice might follow. This was the rule laid down by this court in Railroad Company vs. LeGierse, 51 Texas, 204, and perhaps other cases.

This rule should be deduced by the judge below from the allegation and evidence in the particular case. Instead of doing this in the case under consideration, the learned judge below assumed substantially in the first part of the charge, not from the evidence, but from the pleadings, that the measure of damages was limited only by the gross amount claimed in the petition. Although in cases where the juries are properly instructed otherwise upon the measure of damages arising from the pleadings and evidence, it may not be abstract error for the court to tell them that their verdict must not exceed the gross amount claimed in the pleadings; yet the propriety of such a charge, even in those cases, is very questionable, as the jury are apt to take such an expression as an intimation upon the part of the court that the evidence would authorize a verdict for the full amount. But when, without being otherwise instructed as to the true measure of damages, they are told in effect that the amount of their verdict is limited only by that claimed by the plaintiff, it is such palpable error, calculated to mislead the juries, as demands a reversal of the judgment. If such were the rule, important rights of parties would depend, not upon the oath of the jury to try the case according to the law and the evidence, but the mere arbitrary amount claimed in the petition.

The charge in this case not only wholly failed to instruct the jury as to the legal measure of damages, but gave them an improper instruction on this point, which would, to some extent, have been corrected by the charges asked and refused.

Under the charge as given, the jury could well have found, as probably they did, a verdict for exemplary damages.

There was error in the general charge as given, and also in the refusal of the charges asked, for which the judgment below is reversed and the cause remanded. (Railroad Company vs. Adams, 89 Penn. State, 36.)

Reversed and remanded.