AMSTED CARTER AND WM. G. HUNT vs. JOSEPH W. E. WALLACE — Appeal from Colorado County.

In actions *quare clausum fregit*, the general issue, even by the English rules of pleading, is not a denial of the plaintiff's possession or right of possession in *locus in quo;* and in *trespass de bonis asportatis*, the general issue is only a denial of the trespass and not of the plaintiff's property in the goods.

In either action all matters of justification or excuse must be specially pleaded. This is an essential rule, intended to prevent surprise to the plaintiff at the trial, who, probably, would not be prepared on the plea of *not guilty* to meet the various grounds which the defendant might then for the first time set up in defense.

An observance of a rule of pleading so essential to a fair trial would be demanded more strictly here than in courts governed in their pleadings by the rules of the common law, because here each party is required by statute to state the facts relied on, as constituting his cause of action or ground of defense. [7 Tex. 468.]

As the common law *forms* of pleading are not recognized in our system, there is no reason why distinct injuries, such as a trespass upon lands and a tortious taking and conversion of personal property, may not be joined in the same action. They are distinct, but not inconsistent rights of action, and the plaintiff may unite them together in one suit, as constituting his causes of complaint against the defendant, and may recover for one or both, according to his proof.

All of our actions, in a strict sense, are *special actions on the case*, but not so in a technical sense. They are actions in which the party asserts his right, according to the particular facts and circumstances of his *own* case, without regard to technical forms. They are adapted "to the specialty, reason and equity of his very case."

It is not necessary, in an action for an unwarrantable entry or breach of the plaintiff's close, that special damage should be proved to entitle him to recover. Such entry or breach is supposed necessarily to carry along with it an injury.

The want of an averment of the *value* of the property alleged to have been taken and converted is cured by verdict.    [5 Tex. 370; 26 Tex. 76.]

*Harris*, for plaintiffs in error.

*Gillespie*, for defendant.

[207] The points presented for the decision of this court, are stated in the opinion.

Mr. Justice WHEELER delivered the opinion of the court.

The defendant in error filed his petition in the district court, alleging that the plaintiffs in error, and defendants in that court, "did with force and arms enter your petitioner's close, lying and situated in the county aforesaid, and pulled down and removed from thence your petitioner's fence and converted the same to their own use;" by which he avers his "farming operations were retarded," etc., and concludes by laying his damages at one thousand dollars.

The answer is a general denial.

The only questions which we think properly presented by the record for our consideration arise upon the refusal of the court to give a charge asked by the defendants, as follows:

"That if they, the jury, shall find that the fence was erected on the land belonging to Harrison's estate, which afterwards became the property of the defendants or either of them, without authority, and that the fence was standing on the land when

it became the property of the defendants or either of them, they will find for defendants.

Or, if they shall find that defendants did not enter plaintiff's close and take away the rails or fence, they shall find for the defendants, etc.

The first branch of this charge embraces matters so entirely foreign to the pleadings as scarcely to require a particular notice.

In actions *quare clausum fregit*, the general issue, even by the English rules of pleading, does not operate as a denial of the plaintiff's possession or right of possession in the *locus in quo;* which, if intended to be denied, must be traversed specially. And in actions of trespass *de bonis asportatis*, the general issue operates only as a denial of the defendant's having committed the trespass alleged by taking or damaging [208] the goods mentioned, but not of the plaintiff's property therein. 3 Tom. L. Dic. 665. This may formerly have been otherwise (8 Term, 403), but even at the common law, where the act complained of would, *prima facie*, appear to be a trespass, any matter of justification or excuse, or done by virtue of a warrant or authority, must in general be specially pleaded. 1 Saund. 298, note 1; 4 Pick. 127, 145. These, it has been said, are positive rules of law, in order to prevent surprise on the plaintiff at the trial by the defendant then assigning various reasons and causes of which the plaintiff had no notice, and which, consequently, he could not be prepared to meet at the trial on the plea of *not guilty* on fair and equal terms with respect to the evidence and proof of facts. 1 C. P. 539.

But whatever may have been the necessity at common law, with the broad defenses under its general issues, of specially pleading the matters sought to be set up by asking the charge in question, there can be no doubt they must have been specially averred here, where each party is required to state the *facts* relied on as constituting his cause of action or ground of defense, and for the reasons assigned in the authority just quoted.

If the defendants intended to justify under a paramount title in themselves, they should have alleged it. But the an-

swer contains no averment of title in the defendants and no matter whatever in justification or avoidance.

The remaining proposition embraced in the charge seems to require a more particular notice. To determine whether it ought to have been given, it is material to ascertain with some precision what was the real subject of controversy as disclosed by the pleadings.

The petition is very carelessly and defectively framed. The action seems, in form, trespass *quare clausum fregit;* in substance, trespass *de bonis asportatis*, or *trover*. It is not an attempt to join these several forms of action by different counts, as at common law; but the elements of all are combined [209] and grouped together in the plaintiff's attempted statement of his cause of action. Had he discarded form altogether, his statement of his case would perhaps have been more intelligible.

At common law the joinder of actions often depends on the form and not the *right* of action. Thus, trespass cannot be joined with trover, not because the *rights* asserted in these actions are inconsistent, but because, as it is said, the joinder depends on the *form* of action and the judgments are different; that in trespass being in strictness *quod capiatur*, and that in trover *quod sit in misericordia*, 1 Term, 277; 16 J. R. 146; and the objection could be taken advantage of by writ of error.

Here no such distinctions exist; and no reason is perceived why distinct injuries, occasioned by a trespass upon lands, and a tortious conversion of personal property may not be joined in the same action, since the *forms* of action of the common law are not recognized in our courts, but every *right* of action may be asserted upon its own particular facts and circumstances, without regard to form. All our actions are in the strictest sense, though not in a technical sense, *special actions on the case*, being what the actions framed under the statute of Westminster 2d have been described, actions "whereby the suitor has ready relief, according to the exigency of his business, and *adapted to the specialty, reason and equity of his very case.*" 3 Com. 51. It may be truly said here, with a

slight variation of the language of Lord Hardwicke, 1 East, 226, that wherever the common or our statute law recognizes or creates a legal right, for a violation of that right the injured party may bring a *special action on his own case*, by a petition *framed according to the peculiar circumstances of his own particular grievance*. In our petition the technical distinctions and artificial boundaries of the common law actions constitute no element and have no place; but its only requisites are, that it shall disclose a *right*, an *injury*, and a *remedy*, the *facts* which [210] constitute the plaintiff's right, the injury committed by the defendants, and a specification of the relief sought. It is subjected to no such test as, Does it pursue the form of *trespass*, or *trover*, or any one of the common law actions? but the inquiry is, Does it disclose *any* valid, subsisting cause of action?

Subjected to this test, the petition before us is believed to be substantially good on error. It contains no averment of the value of the property alleged to have been converted by the defendants; but this omission is cured by verdict. The injuries complained of are that the defendants *forcibly entered the plaintiff's close*, and that they *pulled down and removed from thence his fence, and converted it to their own use*.

For each of these injuries separately an action will lie: for the first, though no special damage be proved, because every unwarrantable entry or breach of a man's close is supposed necessarily to carry along with it some injury or other, 3 Com. 210; 19 J. R. 385; and for the second, for the actual injury occasioned apart from the actual trespass; for trover may be supported even for fixtures, if having been severed they be taken away; and by the party who has the absolute ownership of personal property, either trespass or trover may be maintained, though he never had the actual possession. 3 Tom. L. D. 682, 659; 7 Term, 13; 1 Wend. 466; 10 id. 110; 11 J. R. 285.

Hence it is manifest that the proposition embraced in the charge, as propounded by the defendants, did not truly present the law of the case then before the jury; since it denied the plaintiff's right to recover, unless he had established both these

causes of action; whereas he was entitled to recover upon proof of either.

If the present action were to be regarded as merely and technically the common law action of trespass *quare clausum fregit;* or if the *gist* of the action were the breaking of the close, and the other injuries alleged were only consequential, then undoubtedly the desired charge would have [**211**] been legal and correct. But the injury evidently intended to be relied on was in the nature of trespass or trover for the injury, described as the *pulling down and removal, and conversion of the plaintiff's fence.* To have adopted the charge presented would have been, in effect, to send a party out of court because he had mistaken the *form* of his action, or had united in the same petition *two* rights of action, not in themselves inconsistent — a proposition scarcely admissible in courts to which *forms* of action are wholly unknown, and which are not permitted to require parties to deduce their *forms* of procedure either from the *registrum brevium*, or the precedents in chancery; nor to send a party out of court because he may have misconceived the *form* of his remedy, and pursued, in form, *assumpsit* instead of *debt*, or *trespass* instead of *trover*.

The charge under consideration assumes that the plaintiff cannot recover for *one* of several injuries complained of; and that he must establish *all*, or he can recover for none. But the law is, that in actions *ex delicto*, upon proof of *part only of the injury charged*, or of *one* of several injuries, though laid in the same count, the plaintiff will be entitled to recover *pro tanto*, provided the part which is proved afford, *per se*, a sufficient cause of action; for torts are divisible. 2 East, 438; 3 Term, 645. And in actions for injuries to land, trees, goods, etc., a tort to any part thereof may be proved. 3 Stark. Ev. 1538–9. There was, therefore, no error in the refusal of the court to give the charge in question.

The record contains what purports to be a statement of facts, but bears, we think, intrinsic evidence that it is not a statement of *all* the facts proved on the trial. There are references to other facts which must have appeared in evidence; yet if the statement in the record purported to be a statement

of *all* the facts, or if it appeared on its face so to be, instead of what it does appear — an extremely defective and imperfect statement — we might receive it as a full and authentic statement of the facts of the case. But as it evidently [212] is not, and does not expressly purport to be a statement of all the facts, it ought not so to be received and considered.

We are of opinion that there is no error in the judgment, and that it be affirmed.