JOHN S. McCLELLAN v. THE STATE.

Where a petition sets forth the cause of action defectively, and no exception to it is made in the court below, but the defendants plead the general issue, and the statute of limitations; on an assignment of error, that the petition disclosed no cause of action : *Held,* that the defective allegations of the petition were cured by the verdict.

The true rule to be deduced from the authorities, is that stated in the case of De Witt v. Miller, 9 Tex. Rep. 239, in which this court said, " the verdict or " decree cures all defects, imperfections, or omissions in the petition, whether " of substance or of form, if the issues joined be such as require proof of the " facts imperfectly stated or omitted ; though it will not cure or aid a state- " ment of a defective title, or cause of action."

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

The amount of the bond given by McFarland, as principal, and McClellan and Martin, as his sureties for the appearance of McFarland before the District Court, was one hundred and fifty dollars. Verdict and judgment against the appellant, McClellan, for that amount, and cause dismissed as to the defendant Martin. The bond was conditioned as follows :

" The condition of the above obligation is such, that, if the said " W. W. McFarland, shall be and appear at the next term of " the District Court, to be held in and for said county and " State, to answer such charge as the grand jury of said county " may prefer against him, and shall not depart said court, " without leave of the court first had and obtained, then the

"above obligation to be null and void, otherwise to remain in "full force and effect in law."

The other facts appear from the opinion.

*I. A.* and *G. W. Paschal,* for appellant. This suit is based upon a petition charging that one W. W. McFarland was brought before a justice of the peace, on a charge of burglary, in August, 1844, and required to give bond, to appear at the next term of the District Court; that McClellan and Martin went the security of McFarland, who deposited with them $200, to be paid the State, should McFarland not comply. Therefore, the suit is for that money had and received. It is averred, generally, that McFarland has not complied; but it is not averred, that he was ever indicted or called. The suit is not upon the bond, although it is made a part of the petition; yet no breach is assigned, and no fact is stated, which forms a *gravamen* of action against the sureties. There is no statement of facts; but the facts pleaded, when moulded into their best form, only amount to an averment, that McClellan and Martin went the security of McFarland, and he deposited with them $200, to secure them from liability. But in no sense could this be money had and received, to the use of the State. The mere failure to appear, would give no cause of action against the sureties.

An action for money had and received only lies, where in equity and good conscience, one party has received money which belongs to another. But money deposited as an indemnity against suretyship, cannot be so treated; because it is the money of a party, who could only claim a debt against the principal, upon a contingency.

It cannot be necessary to cite any authorities to insure a reversal of the judgment; no cause of action is stated in the petition.

*Attorney-General,* for appellee. This was a suit for money had and received to the use of the State.

Petition alleged that the appellant and one Martin, were the sureties of McFarland, on a bail bond taken before a justice of the peace, the condition of which was, that McFarland would be and appear at the next ensuing term of the District Court, &c.

It further alleged, that the said McClellan and Martin received from the said McFarland, the sum of two hundred dollars, to be paid to the State of Texas, and in consideration thereof agreed, that if the said McFarland should not comply with the conditions of the said bond, they would pay over the the sum of two hundred dollars to the State: it further alleged the failure of McFarland to appear, and the refusal of the defendants to pay over the money.

There was a general demurrer to the petition, which it seems was afterwards abandoned, and the record does not show that any ruling was had upon it.

Does the petition disclose a cause of action? The money was had and received, upon the express condition, that it should be paid over, upon the failure of McFarland to appear. Upon his failure to appear, it was held by defendants, in trust for the State, and should have been paid over on demand.

The district attorney was authorized to institute the suit. (Hart. Dig. Art. 616.) It is insisted, that the petition does not allege that any indictment was found by the grand jury, at the ensuing term of the District Court. This may have been good ground for special exception; but the cause of action being good, the fact that it was insufficiently stated in the petition, would afford no ground even for general demurrer, had it been insisted on; and is cured by verdict, and therefore could not be reached in arrest of judgment.

BELL, J. The petition alleges that the appellant, McClellan, and one Martin, "are indebted to the State of Texas in the "sum of two hundred dollars, for so much money had and "received by them, for the use and benefit of the said State." The petition then explains the circumstances, under which the

said sum of money came into the hands of the said McClellan and Martin. The petition states that one McFarland was arrested, and brought before a justice of the peace of Bexar county, on a charge of burglary, and was required to give bond for his appearance at the next term of the District Court for that county; that McFarland gave bond, and that McClellan and Martin became his sureties on the bond; that McFarland deposited with them the sum of two hundred dollars, to secure them against the consequences of the suretyship. The bond is made a part of the petition. It is in the usual form, and binds the principal, McFarland, to appear at the next term of the District Court for the county, to answer such charge as the grand jury may prefer against him. The petition alleges, that "the conditions of the bond were not complied with by McFar- "land, nor has he ever made his appearance up to the present "time." The petition does not allege that McFarland was indicted by the grand jury. The only allegation of the breach of the bond, is, in the general terms above quoted.

There was a general demurrer filed by the defendants, but it does not appear to have been acted on by the court. The defendants answered further, denying all the allegations of the petition, and pleading also the statute of limitations. There was a trial and verdict for the State. There was no motion for a new trial, and the record contains no statement of facts. The error assigned and relied on, is, that the petition discloses no cause of action, there being no allegation that McFarland, the principal in the bond, was indicted by the grand jury.

The petition ought to have stated distinctly the facts, which constituted a breach of the bond. The material facts were, that McFarland was indicted, and failed to make his appearance to answer the indictment. There was, however, an allegation, in general terms, that McFarland did not comply with the conditions of the bond, and we think the petition might have been held sufficient, upon general demurrer. The general demurrer, however, does not appear to have been relied on in the court below; and we are clearly of opinion, that the verdict

cures the defective allegations of the petition. In the case of De Witt v. Miller, 9 Tex. Rep. 239, this court said, "the ver-"dict or decree cures all defects, imperfections, or omissions, "in the petition or statement of the cause of action, whether of "substance or of form, if the issues joined be such as require "proof of the facts imperfectly stated, or omitted; though it "will not cure or aid a statement of a defective title or cause "of action." Such is the true rule to be deduced from the authorities, and from the elementary writers on this subject.

In the present case, the fact that McFarland had been indicted, was involved in the issue submitted to the jury, and must have been found by them, before they could give their verdict for the State.

If there had been special exceptions to the petition, in the court below, the State's attorney would have had an opportunity to amend, and to have stated the cause of action with more precision. There having been no demurrer relied on in the court below, we are of opinion, that the deficiencies of the petition are cured by the verdict; and the judgment is therefore affirmed.

Judgment affirmed.