Gillies v. Wofford.

---

The judgment must be reversed, and the cause remanded for a new trial.

Reversed and remanded.

---

## M. GILLIES v. R. B. WOFFORD.

Where the petition in a suit for the recovery of personal property contained no allegation of the value of such property, it was error to allow evidence of the value to go to the jury against the objection of the defendant.

Neither the averments of value in an affidavit in such suit, made for the purpose of obtaining a writ of sequestration, nor similar recitals in the replevin bond of the defendant, will supply the want of the allegation in the petition, so as to admit evidence of the value, against the objection of the defendant.

Such a defect in the petition is cured by verdict when the evidence was introduced without objection; but it is not cured by verdict if the objection is interposed at the time of the introduction of the evidence.

In a suit for the recovery of personal property, the measure of damages is the value of the property and interest thereon from the time of the conversion; and it is error to instruct the jury to allow as damages " the loss the plaintiff may have sustained by reason of the detention of the property by the defendant."

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This suit was brought by the appellee, Wofford, against the appellant, Gillies, for the recovery of a wagon and team belonging to the plaintiff, and purchased by the defendant from the teamster who had had the property in possession, but no authority to sell it. The petition contained no allegation of the value of the property, but an affidavit made in the suit by the plaintiff, for the purpose of obtaining a writ of sequestration, did contain an averment of the value of the property. The defendant replevied the property sequestrated, and in his bond therefor also stated its value. At the trial the plaintiff offered evidence of the value, to which the defendant objected, on the ground that there was no value averred in the plaintiff's petition. The court overruled the objection, and admitted the evidence, and defendant excepted.

The charge of the court below with regard to the measure of damages, referred to in the opinion, is as follows: "You will, if you find for the plaintiff, also find and state in your verdict the loss the plaintiff may have sustained by reason of the detention of the property by the defendant, computing the damage from the date of the service on Gillies of the writ of sequestration in this case."

The instruction on the same point asked for by the defendant, and refused by the court, was as follows: "In actions for personal property, except negroes, the measure of damages is the value of the property and interest from conversion."

*Dennison* and *Turner*, for appellant, cited 21st Pickering's R., 559; 32 Eng. Com. Law R., 590; 40 Id., 394; 14 Johnson's R., 128; Id., 508; 10 Id., 589.

*A. N. Mills* and *W. L. & C. L. Robards*, for appellee.

BELL, J. We are of opinion that the court below erred in permitting evidence of the value of the wagon and oxen to go to the jury against the objection of the counsel for the defendant, when there was no allegation of value in the plaintiff's petition. It is contended that the affidavit of the plaintiff below, made for the purpose of obtaining the writ of sequestration, and also the replevin bond executed by the defendant below, may be looked to as equivalent to an allegation of value in the petition, and as authorizing the introduction of evidence of value, but we are not able to perceive the force of the argument.

It is also insisted, or at least asserted, that the want of an averment of value in the petition is cured by verdict, and we are cited to the case of Carter and Hunt v. Wallace, 2d Tex., 206. It is true that the case referred to is an authority for the proposition that the want of an allegation of value in the petition is cured by verdict, but that is only so where the evidence of value is received without objection.

We are also of opinion that the court below erred in the instruction given to the jury in relation to the measure of damages. The

true rule of damages was pointed out in the 4th instruction asked by the counsel for the defendant below—that is to say, the measure of damages was the value of the property and interest from the time of the conversion.

Because of these errors, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.