B. SCHUSTER v. L. B. FRENDENTHAL & CO.

No. 6267.

</div>

1.   **Errors Cured by Verdict.**—A pleading is cured by the verdict when the omitted fact is such that it is to be presumed that the judge would not have directed the jury to give the verdict, or the jury would not have given it, unless it (the omitted allegation) had been proved.   But a verdict will not cure the omission of a necessary substantive allegation.

2.   **Same—Case in Judgment.**—It is held that by fair implication from an alleged sale of its assets by a partnership to a third party the conclusion is deducible that the firm was dissolved.   From the allegations that the defendant, who had been a member of the firm, had owed it two debts (describing them), one of which was settled in the sale, is indicated that the partnership owed him nothing upon account further than his interest in the assets which he had sold, and that his unsatisfied debt was intended to be transferred as a part of the assets.   These facts with the transfer to the plaintiff are sufficient on appeal, the demurrer not having been urged below.

3.   **Immaterial Excess in Verdict.**—An excess in a verdict of one-fourth of one per cent of the recovery, and not brought to the attention of the court below, on appeal will be considered immaterial and is no ground for reversal.

APPEAL from El Paso.   Tried below before Hon. T. A. Falvey.

The opinion states the case.

*J. P. Hague* and *W. M. Coldwell,* for appellant. — 1. Plaintiffs' petition does not show that plaintiffs have any cause of action against defendant.. Rule 2 of Sup. Ct., 47 Texas, 615; Sayles & Bass. Texas Pl. and Prac., sec. 9; 5 Wait's Act. and Def., pp. 149, *et seq.*

Plaintiffs seem to proceed upon the ground that when a partner draws. money out of a partnership the partnership may sue him as if he were a. stranger to the partnership to whom the partnership money had been loaned. This they can not do, but it is submitted that they must follow one of two courses:

(1) They must have an accounting of all the partnership transactions, and then sue for the amount ascertained to be due by such accounting.

(2) Or they must sue for a dissolution, aver a willingness to account, etc., pray for an accounting, and for a judgment for the amount found. due by such accounting.

It is not conceived that the present plaintiffs, assignees of the old firm. of L. B. Frendenthal & Co., have any other rights or remedies than the. original assignor—*id est,* the old firm of L. B. Frendenthal & Co.

2. The verdict and the judgment are excessive.

No brief for appellees reached the Reporter.

Gaines, Associate Justice.—The main assignment of error in this case is upon the sufficiency of the petition to support the judgment. The suit was brought by appellants against appellee, and a general demurrer to the petition was interposed in the court below but was not ruled upon by the court. Consequently it is presumed to have been waived. The inquiry then is as to the sufficiency of the petition, the question being raised for the first time in this court. The petition alleges in substance that during the early part of the year 1885, L. B. Frendenthal, J. Frendenthal, and defendant Schuster were partners doing business at El Paso,. Texas, under the firm name of L. B. Frendenthal & Company, and in Mexico under the firm name of B. Schuster; that on the 13th day of June of that year the firm sold all its property and assets to one S. J. Frendenthal, and that this sale was specially ratified on the 15th of that. month by defendant by a written conveyance by which for the consideration of $22,862.68 he transferred all of his interest in the assets of the: partnership to the party last named. It is further averred that subsequently L. B. Frendenthal, Ph. Frendenthal, and S. J. Frendenthal, plaintiffs herein, formed a new partnership, and that S. J. Frendenthal transferred all the assets of the old firm to the new. It is also alleged that at the time of the transfer by defendant to S. J. Frendenthal he was indebted to the firm in the sum of $3743.78, which was paid off in the transaction, and that in addition thereto he was indebted to the firm in the sum of $2337 in Mexican money for money received and drawn by

him belonging to said firm from their branch house in Chihuahua and charged to him upon the books at that place. A demand and refusal to pay is also alleged.

It is here insisted that the petition is insufficient because it is not alleged that the partnership is dissolved, and because an action of debt can not be maintained by a firm upon an indebtedness of a member to a partnership. If the demurrer to the petition had been insisted upon it may be that it should have been sustained.

But there having been a verdict in the case without any action upon the demurrer, we are of opinion that any defect in the allegations has been cured by the verdict. Where there has been a judgment by default upon a petition defective in substance the defect in the pleading may be taken advantage of upon error. Grant v. Whittlesey, 42 Texas, 321; Brackett v. Devine, 25 Texas Supp., 195. But where there has been a verdict a different rule applies. A pleading is cured by the verdict when the omitted fact is such that it is to be presumed that the judge would not have directed the jury to give the verdict or the jury would not have given the verdict unless it had been proved. But a verdict will not cure a clear omission of a necessary substantive allegation. Grant v. Whittlesby, *supra.* "The particular thing which is presumed to have been proved must always be such as can be implied from the allegations on the record by fair and reasonable intendment." 1 Chitty's Pl., 17 Am. ed., 705. The allegations in the petition under consideration do not very distinctly show a cause of action. But we think every fact necessary to sustain the recovery may be deduced from them by fair implication. From the sale of all the assets of the old partnership to a third party the conclusion is deducible that the old firm was dissolved. The fact that defendant owed his firm two debts, and in the sale of his interest in the partnership effects took one of them as so much cash in payment of a part of the consideration of the sale, indicates that the partnership owed him nothing upon account further than their interest in the assets which he sold, and that his unsatisfied debt to the firm was intended to be transferred by the sale as a part of the assets.

There is no rule of law to prevent such agreement, and we think upon such a state of facts the purchaser of the assets of the firm had a right to recover of defendant the amount of the alleged indebtedness. His right undoubtedly passed to plaintiffs. We conclude that whatever defect there may have been in the petition has been cured by the verdict.

There is but one other assignment of error which is relied upon in appellant's brief. It is insisted that the verdict is for five dollars and forty-eight cents more than the petition warrants. If this had been called to the attention of the court below in the motion for a new trial, it would doubtless have been corrected there by a remittitur of the excess. The amount of the judgment is too much by about one-fourth of one per cent.

We regard this as too trivial to call for the action of this court on appeal, the action of the lower court not having been invoked for the correction of the error.

The judgment is affirmed.

*Affirmed.*

Delivered May 17, 1889.