**HAMILTON COUNTY DEVELOPMENT CO. et al. v. SULLIVAN et ux.  (No. 6173.)**

(Court of Civil Appeals of Texas.  Austin.
March 3, 1920.)

**1. Pleading ☞433(3)—Omission of allegation cured by finding.**

Where the petition sought cancellation of an oil lease for fraud and failure of consideration with respect to the agreement to drill a well with-

in six months, the omission of an express allegation that defendants failed to begin drilling within the time agreed is not fundamental error, and is cured by findings of the court to that effect.

**2. Acknowledgment ☞58 — Petition against original party, alleging wife was not separately examined, held sufficient.**

In an action to cancel an oil lease of a homestead between the original lessors and lessees, a petition alleging that the separate acknowledgment of the wife of lessor was not taken as required is sufficient, without alleging fraud or imposition in the taking of the acknowledgment.

**3. Acknowledgment ☞58 — Petition held to show notice of disqualification of notary.**

An allegation in a petition to cancel an oil lease that the officer who took the acknowledgment was the agent of lessees and interested in the lease was sufficient to show that lessees were charged with notice of his disqualification, and sufficient predicate for a finding of the court against the lease.

**4. Partnership ☞219(1)—Judgment canceling lease in firm's name may be against partner.**

Where an oil lease was taken in the name of a company under which a partnership did business, and the petition to cancel alleged the name of the partnership and of each individual member, and prayed judgment against all, it was proper to render judgment against all defendants.

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by W. E. Sullivan and wife against the Hamilton County Development Company and others.  Judgment for plaintiffs and defendants appeal.  Affirmed.

H. E. Chesley, of Hamilton, for appellants.
Arthur R. Eidson, of Hamilton, for appellees.

BRADY, J.  Appellees, W. E. Sullivan and wife, sued appellants, Hamilton County Development Company and the individuals composing the partnership bearing that name, to cancel a certain oil and gas lease executed by them to the company.

The grounds for rescission and cancellation of the lease were: That the agents of the company fraudulently induced appellees to execute the instrument, upon the promise that it would drill a well within six months upon the leased premises, which was the homestead of appellees, and that this stipulation would be placed in the lease. That the lease was prepared by an agent of the company, and that appellees supposed the lease had been written according to the agreement; it being alleged that appellees could not read the instrument. It was also claimed that Mrs. Sullivan unwillingly signed the lease, and so told the agent of the company who took her acknowledgment. It was alleg-

ed that, while the notary told Mr. Sullivan to leave the room after he had signed the instrument, he stood in plain view of his wife, and within hearing of all that was said by the notary and the wife. It was also pleaded that J. L. Lewis, who took the acknowledgment of both appellees, was interested in the company, in the lease and subject-matter of the same, and was not, under the law, authorized or qualified to take the acknowledgments. It was specifically alleged that plaintiffs relied upon defendant's promise, and that it was the sole consideration for the execution of the lease.

The defendant H. E. Chesley, one of the individual partners, filed a general demurrer, which was by the court overruled. The remaining partners and the company made default. The court rendered judgment against Hamilton County Development Company, in the name of which the lease contract was taken, and also against each individual partner; they having been duly served with citation.

Upon the writ of inquiry, the court heard proof, and found that the partnership was composed as alleged, and that the lease was obtained through fraud, and was without consideration; also that the agreement as to drilling the well was made as alleged, and that, in event the drilling of the well was not begun within six months from the date of the lease, it was agreed that same should be null and void; that defendants did not begin the drilling of such well within six months, and had not commenced drilling operations at the date of the trial, nor made any preparations to do so; that the plaintiffs could not read, and did not know that the lease did not contain this provision or condition until after it was executed; that the land was the homestead of plaintiffs, and that the separate and privy acknowledgment of Mrs. Sullivan was not taken. The court concluded, as a matter of law, that plaintiffs were entitled to the relief asked, and rendered judgment as above indicated. There is no statement of facts in the record.

### Opinion.

It is first claimed that the petition was fatally defective, and that it was error to overrule the general demurrer of appellant Chesley, and fundamental error to render judgment against the other appellants by default. This contention is based upon the familiar principle that the allegata and probata must correspond, and that the judgment of the trial court was without pleadings to support the same, or the findings made therein.

[1] A careful consideration of the petition discloses that it does not specifically aver that appellants failed to begin drilling operations within the six months agreed upon; but we think this averment is fairly inferable from the petition as a whole. The cancellation of the lease was sought upon grounds of fraud and failure of consideration, especially in respect to the material fact of the agreement to drill a well within six months. While not expressly alleged, the failure to drill the well is an allegation deducible by fair implication from the express averments.

The petition was not fatally defective, but was, at most, objectionable as defectively stating the cause of action relied upon. In such state of the pleadings, the defects, if any, were cured by the findings of the court and the judgment. This case is referable to the principle announced and followed in the following decisions: Williams v. Warnell, 28 Tex. 612; Shirley v. Burns, 34 Tex. 645; Tinsley v. Peniman, 83 Tex. 56, 18 S. W. 718; Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051.

[2] The second point is that the findings and judgment of the court that the wife's separate acknowledgment was not taken are not supported by the pleadings, because the petition did not allege fraud or imposition in the taking of the acknowledgment. Aside from the fact that there is nothing in the record to show that the officer's certificate was in due form, or in fact that there was a certificate at all, the pleadings attack the alleged acknowledgment because it was not taken in the manner required by the statute as to the homestead of plaintiffs. This is not a case where the question of innocent purchaser arises, and is not thought to be ruled by the authorities invoked by appellants, requiring allegations of fraud before the officer's certificate may be impeached. The grounds alleged were sufficient to show that the separate acknowledgment of the wife was not taken as required by the law. De West v. Barthelow, 136 S. W. 86.

[3] Furthermore, it was expressly alleged that the officer who took the acknowledgment was the agent of appellants, and was interested in the company, in the lease, and the subject-matter thereof; therefore appellants were charged with notice of the alleged disqualification of the notary, and these averments were sufficient predicate for the finding of the court. Mortgage Co. v. Taylor, 173 S. W. 280.

[4] The remaining contention is that the court erred in rendering judgment against the appellants, because the suit was against the firm or partnership, and was not conducted in the names of the individual members. A sufficient reply would seem to be that the lease contract was taken in the name of the company, and the plaintiffs in their petition alleged the name of the partnership, and of each individual member, and prayed judgment against all the defendants. The suit was against the partnership and the individuals composing it, and the judgment was rendered accordingly. This was the proper

judgment under the pleadings and the issues of the case.

Believing that no reversible error has been shown, the judgment is affirmed.

Affirmed.

---

⊗⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes