LANDRUM v. TURNEY. (No. 1285.)*

(Court of Civil Appeals of Texas. El Paso. March 2, 1922. Rehearing Denied March 30, 1922.)

1. Mines and minerals ⬅57—Petition held to state cause of action for breach of contract to execute lease.

Petition *held* to state cause of action for breach of contract to execute oil lease.

2. Pleading ⬅205(1)—Petition sufficient as against general demurrer if necessary facts may be deduced from allegations by fair implication.

A petition was sufficient as against a general demurrer if every fact necessary to sustain recovery may be deducted from the allegations contained in it by fair implication.

3. Pleading ⬅212—Demurrer not urged nor ruled upon by trial court in action in which there is trial on merits presumed to have been waived.

Where answer consisted of general demurrer, and there was a trial on the merits, and the general demurrer was not urged nor ruled upon by the trial court, the demurrer will be presumed to have been waived.

4. Pleading ⬅433(2)—Defects cured by verdict and judgment after trial on merits in which general demurrer was not urged.

Where answer consisted of a general denial and a general demurrer, and there was a trial upon the merits without the general demurrer

being urged or ruled on by the trial court, any defect in the allegations were cured by the verdict and judgment.

5. Mines and minerals ⬅57—Measure of damages for breach of contract to execute oil lease stated.

The measure of damages for breach of contract to execute an oil lease is the difference between the contract price of the lease and its market value in the absence of allegations of special damages.

6. Appeal and error ⬅932(1) — Amount of damages presumed to have been properly ascertained in absence of statement of facts and assignments as to rulings on evidence.

In action for breach of contract, it will be presumed on appeal, in the absence of a statement of facts and assignments as to admission or consideration of improper evidence, that the court properly arrived at the true amount of actual damages suffered by reason of the breach.

7. Frauds, statute of ⬅150(1)—Failure of petition to show whether lease alleged to have been violated was within statute raised by special exceptions, and not general demurrer.

In action for breach of contract to execute an oil lease, failure of the petition to show time of commencement and termination of lease and show whether it was written or verbal, and whether for a longer period than one year, is to be raised only by special exceptions, and not by general demurrer to the entire pleading.

On Rehearing.

8. Appeal and error ⬅907(3)—Judgment presumed supported by competent evidence in absence of statement of facts.

In the absence of a statement of facts, it must be assumed on appeal that competent evidence was adduced to support the judgment.

9. Pleading ⬅214(1)—Every intendment indulged in favor of pleading on demurrer.

Upon general demurrer every reasonable intendment indulged in favor of the pleading attacked.

Error from District Court, Brewster County; Jas. Cornell, Judge.

Suit by A. M. Turney against B. W. Landrum and H. G. Landrum. Judgment of dismissal as to last-named defendant and for plaintiff as against first-named defendant, and the latter brings error. Affirmed.

Mead & Metcalfe, of Marfa, for plaintiff in error.

A. M. Turney and W. Van Sickle, both of Alpine, and W. B. Teagarden, of San Antonio, for defendant in error.

HARPER, C. J. A. M. Turney brought this suit against N. G. and B. W. Landrum for specific performance of a contract to execute a lease of oil lands, and in the alternative for damages for breach of the contract. The

plaintiff dismissed as to N. G. Landrum. Plaintiff also dismissed his suit for specific performance.

From a judgment in favor of plaintiff for $16,000 and dismissal as to N. G. Landrum, B. W. Landrum appeals.

The sole question here is whether plaintiff's petition is subject to general demurrer. The judgment being for damages for breach of the contract, we quote the portions of the original petition applicable thereto:

"That B. W. Landrum is the owner of the lands," describing the sections.

"That during the month of May, 1920, plaintiff had several letters from the defendant B. W. Landrum with reference to leasing said land to plaintiff for oil and gas, and particularly the letter of date May 19, 1920, in which letter defendant B. W. Landrum agreed to lease to the plaintiff all of his said lands for oil and gas for the sum of $3.50 per acre, with $1 per acre per year rental; that plaintiff on said date accepted said offer * * * by telegram dated May 22, 1920, which telegram was duly received by the defendant early in the morning of May 23, 1920; that said letter from said defendant to the plaintiff offering to lease said lands to the plaintiff on terms and the plaintiff's answer by said telegram thereby constituted a complete contract.

"That the defendant B. W. Landrum has failed and is refusing to carry out his said contract and execute a lease to said lands for oil and gas in accordance with said contract; that plaintiff is ready, able, and willing to comply with his part of said contract and had deposited in the First National Bank of Alpine, Tex., sufficient funds to pay the original and first lease money called for in said contract. All of which has been brought to the knowledge of the defendant."

(Next paragraph alleges a fraudulent transfer of the lands to N. G. Landrum to defeat plaintiff's cause of action.)

"Plaintiff brings this suit for the purpose of compelling the defendant B. W. Landrum to perform his contract and execute a good and sufficient lease for oil and gas on said lands on the terms and conditions provided for in said contract and to execute said lease on the usual commercial form of lease known as 'producers' 88 form lease' for a term of five years with the usual one-eighth oil royalty to the owner of the lands and the usual cash rental for any gas well and providing for the rental mentioned in said contract; that by reason of the fact that said B. W. Landrum failed and refused to make aforesaid lease to plaintiff as above set out the plaintiff has been damaged in the sum of $16,000; that in case said B. W. Landrum for any reason cannot carry out the contract as mentioned above by making the plaintiff herein a good and sufficient lease in law that then and in that event the defendant, B. W. Landrum, or his assignee, N. G. Landrum, be required to pay plaintiff herein the said sum of $16,000 as damages for failure to make said lease to the above described lands."

The defendants' answer contains general demurrer and general denial.

[1, 2] The first proposition is that the petition: (a) Fails to set out any facts showing in what manner the alleged breach of contract damaged the plaintiff, said petition only showing nominal damages as a result of said breach; (b) fails to state when the lease was to begin and when it should terminate; (c) fails to show whether the lease was written or verbal, and that same was not for a longer period than one year; (d) that the allegations are too indefinite, vague, and uncertain, and state no cause of action.

As to propositions (a) and (d) we are of the opinion that the petition states a cause of action for breach of contract, but, if not, that every fact necessary to sustain the recovery may be deduced from the allegations contained in it by fair implication.

If either of the conclusions noted are correct, the assignment must be overruled. The facts: A contract to convey was alleged, a wrong, to wit, its breach and consequent injury, with prayer for relief.

[3, 4] In this case the general demurrer was not urged nor ruled upon by the trial court; consequently it is presumed to be waived. The case went to trial before the court, and the judgment entered recites consideration of the pleadings and hearing of the evidence, and that the court finds plaintiff suffered actual damages in the sum sued for.

We are therefore of the opinion that the defect, if any, in the allegations are cured by the verdict and judgment. Schuster v. Frendenthal & Co., 74 Tex. 53, 11 S. W. 1051; Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 187; Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448.

[5, 6] The petition sufficiently states a cause of action for general damages and makes no claim for special damages. The measure of damages fixed by law would be the difference between the contract price of the lease and its market value. There being no statement of facts in the record, and no assignments as to admission or consideration of improper evidence by the court, it will be presumed that the court properly arrived at the true amount of actual damages suffered by reason of the breach of contract.

[7] The propositions indicated by (b) and (c) above could only be taken advantage of by special exceptions rather than by a general demurror addressed to the entire pleading.

Finding no error in the record the cause is affirmed.

## On Rehearing.

HIGGINS, J. The plaintiff in error has filed a most able motion for rehearing, which has received the careful consideration of this court. We are still of the opinion that the original conclusion is correct.

[8] It must be borne in mind that the defendant answered by general demurrer and general denial; that a ruling upon the demurrer in the court below was not invoked;

that this was not a default judgment, but a judgment rendered after the court had heard evidence in support of the plaintiff's demand. There is no statement of facts in the record, and it must be assumed that competent evidence was adduced to support the judgment. So far as this record discloses, no objection was made to the evidence offered.

The petition is subject to special exception in a number of respects, but there is only one feature which could possibly subject it to a general demurrer, namely, the failure to allege the market value of the lease. The petition shows that Landrum contracted to lease 3½ sections, containing 2,240 acres. It shows that the contract price was $3.50 per acre and an annual rental of $1 per acre. The petition also alleges that by the failure and refusal of B. W. Landrum to make the lease the plaintiff had been damaged in the sum of $16,000.

[9] The measure of damages for breach of the contract was the difference between the market value of the lease and its contract price. There was no claim of special damage. Upon general demurrer every reasonable intendment is indulged in favor of the pleading attacked, and the reasonable inference from the allegations of the plaintiff's petition is that the $16,000 claimed as damages was the difference between the contract price and the market value of the lease.

The following cases support the view that the petition against B. W. Landrum would not have been subject to a general demurrer seasonably urged: Kolb v. Bankhead, 18 Tex. 228; Waterworks v. Kennedy, 70 Tex. 233, 8 S. W. 36; Hoggland v. Cothren, 25 Tex. 345; Williams v. Warnell, 28 Tex. 610. But, if it was subject to a general demurrer seasonably urged, then the following cases clearly show that the defect was cured by the judgment rendered: McClellan v. State, 22 Tex. 405; Schuster v. Frendenthal & Co., 74 Tex. 53, 11 S. W. 1051; McCarty v. Wood, 42 Tex. 38; Carter v. Wallace, 2 Tex. 206; Callison v. Autry, 4 Tex. 371.

The Texas cases cited in the motion may be distinguished. Some were default judgments. In those cases a different rule applies than in cases of a verdict and judgment upon a hearing. Some were cases where the demurrer was seasonably presented. Some of the cases are referable to the principle announced in Gillies v. Wofford, 26 Tex. 77, as follows:

"We are of opinion that the court below erred in permitting evidence of the value of the wagon and oxen to go to the jury against the objection of the counsel for the defendant, when there was no allegation of value in the plaintiff's petition. It is contended that the affidavit of the plaintiff below, made for the purpose of obtaining the writ of sequestration, and also the replevin bond executed by the defendant below, may be looked to as equivalent to an allegation of value in the petition, and as authorizing the introduction of evidence of value, but we are not able to perceive the force of the argument.

"It is also insisted, or at least asserted, that the want of an averment of value in the petition is cured by verdict, and we are cited to the case of Carter and Hunt v. Wallace, 2 Tex. 206. It is true the case referred to is an authority for the proposition that the want of an allegation of value in the petition is cured by verdict, but that is only so where the evidence of value is received without objection."

If any of the decisions of the Courts of Civil Appeals cited by appellant are not distinguishable from the ruling made in this case, then we must differ for the reason that in our opinion the decisions of the Supreme Court above cited support our ruling.

The motion for rehearing is overruled.