**GOHLMAN, LESTER & CO. v. GRIFFITH.**
(No. 360–3171.)

(Commission of Appeals of Texas, Section A.
Nov. 29, 1922.)

1. Appeal and error ⬦⟜907(2) — Court will presume judgment is supported by facts proved, where evidence is not in the record.

In the absence of the evidence adduced in the hearing of defendant's plea of privilege, and in the absence of an affirmative showing that no evidence was adduced at such hearing, it will be presumed on appeal that facts were shown which justified the overruling of the plea.

2. Appeal and error ⬦⟜884—Defendant interposing plea of privilege cannot claim on appeal that petition did not allege facts supporting venue.

Where defendant, instead of objecting to plaintiff's petition on the ground that it did not allege facts supporting the venue, interposed a plea of privilege under Rev. St. 1911, art. 1903, prior to its amendment by Laws 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), he thereby made an issue as to the jurisdiction of the court and could not contend on appeal that while the evidence introduced on the hearing of the plea of privilege was not contained in the record, the petition itself was insufficient to support the venue.

3. Appeal and error ⬦⟜907(2)—Written promise to perform contract within county in which venue laid held presumed to have been proved where evidence not in record.

Where, in an action by a broker against his principal to recover the balance due on an account, the petition alleged the shipping of cotton by defendant to plaintiff, and the indorsement of the bills of lading and payment by plaintiff of drafts attached, and that defendant, by reason of the premises, promised and became bound to pay plaintiff the balance of the account sued for at Houston in Harris county, Texas, it must be presumed on appeal from an order overruling a plea of privilege that evidence was introduced showing that the contract was in writing and was to be performed in the county in which the venue was laid, the evidence introduced on the hearing not being included in the record.

4. Venue ⬦⟜6 — Pledged corporate stock is "property" within statute relating to venue of action to foreclose lien.

Certificates of capital stock in a corporation held as security for a debt are "property" within Rev. St. 1911, art. 1830, subd. 12, which permits suits to foreclose a lien to be maintained in the county in which the property subject to such lien or portion thereof, may be situated, notwithstanding the residence of the defendant in another county.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

5. Pleading ⬦⟜111—Insufficiency of petition in alleging facts supporting venue held cured by judgment overruling plea of privilege.

Even if a petition failed to allege facts supporting the venue, where defendant, instead of objecting thereto, filed a plea of privilege under Rev. St. 1911, art. 1903, prior to its amendment in 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), a judgment overruling the plea of privilege cured any defect or omission in the petition.

Appeal from Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Gohlman, Lester & Co. against John Griffith. An order overruling a plea of privilege was reversed on appeal to the Court of Civil Appeals (200 S. W. 233), and plaintiff appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue, of Houston, for appellant.

J. E. Canfield, of Floresville, Jno. W. Parker, of Houston, and Dibrell & Mosheim, of Seguin, for appellee.

GALLAGHER, J. Gohlman, Lester & Co., plaintiffs in error, were plaintiffs and John Griffith, defendant in error, was defendant in the trial court, and they will be so designated here.

Plaintiffs sued defendant in the district court of Harris county and alleged that they resided in Harris county, and that the defendant resided in Wilson county.

They further alleged that they were, on September 4, 1913, and had been ever since said date, engaged at Houston, Tex., as cotton commission merchants, receiving, handling, caring for, and selling cotton for a commission, and in the course of said business had been accustomed to advance money upon cotton consigned to them by various persons from various places in the state of Texas, holding said cotton, as factors and commission merchants, as security for the money advanced thereon.

They further alleged that on the 3d day of September, 1913, and on divers dates thereafter, defendant made various consignments of cotton from Floresville, in Wilson county, Tex., to plaintiffs, at Houston, Tex., and that the uniform method of handling said transactions was that the said defendant would deliver said shipments of cotton to the railroad company at Floresville, Tex., taking a bill of lading therefor and consigning said cotton to himself at Houston, Tex., and then drawing his draft for the sum of money to be advanced thereon payable to the order of the First National Bank of Floresville, and drawn against plaintiffs at Houston, Tex., attaching said draft to said bill of lading and delivering said draft to the First National Bank of Floresville, which would send the same with the bill of lading attached thereto through its regular banking connec-

⬦⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion for presentation to and collection from plaintiffs, at Houston, Tex.; that in accordance with the method of transacting said business hereinbefore stated, defendant drew its several drafts, each and all of which were paid at Houston, Tex., by plaintiffs, as follows: (Giving list of drafts aggregating $154,931.89).

It is then alleged that by application of the proceeds of sales of said cotton, defendant became entitled to certain credits, "leaving a balance due on November 5, 1914, from defendant to plaintiffs of the sum of $45,-702.39, which said sum, by reason of the premises, defendant promised and became bound and liable to pay to plaintiffs at Houston, in Harris county, Tex."

Plaintiffs further alleged that, in order to secure the payment of said sum, or any sum which might be owing by defendant to plaintiffs on account of the transactions aforesaid, defendant transferred and delivered to plaintiffs certain certificates evidencing ownership of capital stock in certain corporations (giving list of such certificates), and that said certificates were in possession of plaintiffs and that they had and held a valid pledgee's lien upon the same to secure the above-described indebtedness.

The defendant in proper time filed a plea of privilege to be sued in the county of his residence, in terms as prescribed by article 1903 of the Revised Statutes. This plea was heard and considered by the court on February 19, 1915, in advance of the hearing on the merits, and overruled and an order to that effect entered of record, which order shows that the defendant excepted thereto. On February 23, 1915, the defendant filed his bill of exceptions duly allowed. which bill merely recited that on the hearing of said plea the court overruled the same and entered judgment thereon to that effect and that defendant excepted. The facts, if any, in evidence on the hearing of said plea are not incorporated in such bill of exceptions nor in the statement of facts filed in the cause on appeal. No further action on the plea of privilege is shown, but there was a trial before a jury in the district court of Harris county on the merits on January 6, 1916, a verdict on special issues returned, and judgment rendered thereon in favor of plaintiffs against the defendant for the amount sued for.

The defendant carried the case to the Court of Civil Appeals by writ of error, and complained of the action of the trial court in overruling his plea of privilege by the following assignment of error:

"This suit was by the defendants in error against plaintiff in error to recover a large sum of money alleged to be due for money advanced plaintiff in error upon cotton shipped to defendants in error as cotton brokers, there being no obligation in writing to pay said sum of money in the county of Harris, where the

suit was instituted, and it appearing from the pleadings of defendants in error that the plaintiff in error resides in Wilson county, Tex., and not in Harris county, Tex., that no reason is shown by the petition of defendants in error nor by the facts proven upon the hearing of the plea of personal privilege made and presented by the plaintiff in error to the jurisdiction of the district court of Harris county, to be sued in the county of his residence. The plea of personal privilege was duly presented upon the allegations of the petition of defendants in error and other facts proven upon said hearing, but was by the court overruled.

"In overruling the plea of personal privilege so made and presented by the plaintiff in error upon the facts and under the circumstances above set forth, the court erred."

The Court of Civil Appeals sustained this assignment of error, and without passing upon the other assignments presented to it by defendant, reversed the case and remanded it to the district court of Harris county, with instructions to transfer the same to Wilson county. 200 S. W. 233.

Plaintiffs applied for a writ of error, and the application was granted by the Supreme Court. Its notation shows that the same was granted because of conflict with Keller Co. v. Mangum (Tex. Civ. App.) 161 S. W. 19.

[1] In the absence of the evidence adduced on the hearing of defendant's plea of privilege, and in the absence of an affirmative showing that no evidence was adduced at such hearing, we must presume that facts were shown which gave the court jurisdiction and justified or required the judgment overruling such plea. Graves v. Bank, 77 Tex. 555, 556, 14 S. W. 163; Robinson v. Chamberlain, 29 Tex. Civ. App. 170, 68 S. W. 209 (writ refused); Mallow v. Raynes (Tex. Civ. App.) 188 S. W. 23; Chamberlain v. Carroll (Tex. Civ. App.) 59 S. W. 624; Campbell v. Cates (Tex. Civ. App.) 51 S. W. 268; Guerra v. Guerra (Tex. Civ. App.) 158 S. W. 191.

[2] Defendant seeks to avoid the effect of this rule and to sustain the action of the Court of Civil Appeals in the premises, on the ground that the allegations of plaintiffs' petition do not show jurisdiction in the district court of Harris county and that, in the absence of such showing, plaintiffs' pleadings were insufficient to sustain the judgment of the court overruling his plea of privilege. This contention would be sound had he attacked the jurisdiction of that court by appropriate exceptions to plaintiffs' petition. Austin v. Cameron & Co., 83 Tex. 351. 18 S. W. 437; Lasater v. Waits, 95 Tex. 553, 554, 68 S. W. 500; Bigham v. Talbot, 51 Tex. 453. Defendant did not attack the jurisdiction of the court by exceptions to the allegations of the petition. On the contrary, he elected to raise the issue of jurisdiction by a formal plea of privilege to be sued in Wilson county, where he resided.

Prior to the act of the Legislature prescribing the substance of pleas of privilege (R. S. 1911, art. 1903) it was uniformly held that a valid plea of privilege must expressly negative all the statutory exceptions to the right of a defendant to be sued in the county of his residence which might be applicable, and which, if alleged, would have conferred jurisdiction. Cavin v. Hill, 83 Tex. 73, 18 S. W. 323; Boothe v. Fiest, 80 Tex. 141, 144, 15 S. W. 799; Burchard v. Record (Tex. Sup.) 17 S. W. 241, 242. Said statute simply confirmed this requirement, prescribed a simple form and declared a plea drawn in accordance therewith sufficient. This case was tried before the amendment of said article 1903 by the act of 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), requiring the plaintiff to contest a plea of privilege by affidavit setting out the specific grounds on which jurisdiction is claimed. We think defendant's plea of privilege put the jurisdiction of the district court of Harris county, as against the facts alleged therein, in issue. It is not necessary, however, to predicate our holding herein solely on that conclusion.

[3] Plaintiffs' petition alleged the circumstances attending the shipping of the cotton, the indorsment of the bills of lading and the payment of the drafts to which they were attached, and then alleged that defendant, by reason of the premises, promised, became bound, and liable to pay to plaintiffs the balance of the account sued for at Houston, in Harris county, Tex. The drafts were not introduced in evidence on the trial on the merits. Defendant admitted that the balance claimed by plaintiffs was correct and rested his defense upon a cross-action for damages. The drafts, for all that appears in any part of the record, may, like the draft considered in Keller v. Mangum, supra, have contained an express provision making the account to which the money paid thereon, was directed to be charged, payable at Houston. It is true that it is not affirmatively alleged in the petition that defendant's promise to pay the debt sued for in Houston was in writing. If this rendered the petition subject to exception none was presented. Under the allegations made, a written promise could have been proved. Doggett v. Patterson, 18 Tex. 158, 162; Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 395, 18 S. W. 707. In deference to the judgment overruling the plea. we are justified in presuming, in the absence of the evidence introduced on the hearing, that a promise in writing was proved.

[4] Plaintiffs, after alleging their residence and place of business in Houston and the payment of defendant's drafts at that place, further alleged that the defendant had transferred and delivered to them certain certificates evidencing ownership of capital stock in certain corporations; that said certificates were in their possession; that they had a valid pledgee's lien thereon to secure the debt sued for and asked that such lien be foreclosed. Such certificates were property within the meaning of subdivision 12 of article 1830, R. S., which permits suits to foreclose a lien to be maintained in the county in which the property subject to such lien, or portion thereof, may be situated, notwithstanding the residence of the defendant in another county. Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796. It is true there was no specific allegation that these certificates were in Harris county, but there was no exception on account of such omission. Their presence in said county might be fairly inferred from the other allegations in the petition. There was nothing therein to indicate anything to the contrary. The statement of facts proved at the trial on the merits shows that prior to the institution of this suit, defendant wrote a letter to plaintiffs at Houston, purporting to enclose one of the certificates of stock on which foreclosure was sought and also indicating that the other certificates were then in the possession of plaintiffs. All these certificates were produced in open court at the trial of the cause. In deference to the judgment of the court overruling the plea of privilege, we are justified in presuming that some such evidence was introduced on the hearing thereof.

[5] When said petition is considered in connection with the defendant's plea of privilege specifically denying the existence of any of the statutory exceptions to exclusive venue in the county of defendant's residence, we think the issues of whether defendant had contracted in writing to pay the debt sued for in Harris county, and whether the certificates on which foreclosure was sought were situated in said county, were sufficiently raised to require proof of one or both of such facts before a judgment overruling such plea could be properly rendered, and that the judgment of the court cured any defect or omission in the petition. Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633 (writ refused); De Witt v. Miller, 9 Tex. 239, 245; McClellan v. State, 22 Tex. 405, 408, 409; Callison v. Autry, 4 Tex. 371; Schuster v. Frendenthal & Co., 74 Tex. 53, 55, 11 S. W. 1051; Hamilton County Development Co. v. Sullivan (Tex. Civ. App.) 220 S. W. 116, 117.

We conclude that the Court of Civil Appeals erred in sustaining said assignments of error. Some of the other assignments of error presented by defendant in his brief in the Court of Civil Appeals question the sufficiency of the evidence to sustain the verdict and judgment rendered in the cause. They were not passed on by that court.

We therefore recommend that the judg-

ment of the Court of Civil Appeals be reversed and the cause remanded to that court for further consideration, and with instructions, in event it overrules all of defendant's other assignments of error, to affirm the judgment of the trial court. Haynes v. Western Union Tel. Co. (Tex. Com. App.) 231 S. W. 361, 362.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.