## EVANS v. EVANS. (No. 6904.)*

(Court of Civil Appeals of Texas. San Antonio. March 14, 1923. Rehearing Denied April 11, 1923.)

1. **Husband and wife �köö273(12)—Widow suing on note payable to deceased husband not required to allege lack of debts against estate, or that no administration was pending.**

In an action by the widow of a payee of a note against the obligor, in which the petition showed that plaintiff was the owner and holder of the note through the will of her husband, it was not necessary for her to allege that there were no debts against the estate, or administation pending, since she, as owner of the note, had authority to sue as community survivor, even though there had been no will, and the pendency of an administration was a matter to be pleaded and proved by defendant.

2. **Limitation of actions �köö148(4) — Letter taking debt out of statute held to refer to both principal and interest.**

In a suit on a note, defended on the ground of limitations, a letter from the obligee promising to pay the interest, and saying that he wished to pay the balance, and that it would not take him long to do so, in absence of a showing by defendant that the reference was to other debts, applied to the debt sued on, and took the debt, as well as the interest thereon, out of the reach of limitation.

3. **Appeal and error �köö1040(4)—Limitation of actions �ködö179(3)—Overruling exception to allegation of obligee's giving checks for interest held proper, and in any event not harmful.**

In a suit on a note by the widow of the payce against the obligor, defended on the ground of limitations, in which a letter of the obligor admitting the debt and promising to pay it took it out of the statute, overruling an exception to an allegation in the petition as to checks given to pay interest, was not error, and, if error, could not have harmed the obligor, in view of the facts that his letter admitted the debt, and that the checks could not have influenced the trial judge, not being in evidence.

4. **Pleading �ködö433(7)—Judgment as to date interest on note payable held to cure inconsistency of pleading.**

In a suit on a note in which the petition alleged in one place that interest had been paid to July 1, 1922, and in another place alleged that the last check given for interest was dated Jan. 2, 1922, which was proved to have been for the last six months of 1921, and further alleged that interest was due from Jan. 1, 1922, and the obligee admitted that the interest was paid only to Jan. 1, 1922, a judgment allowing interest from Jan. 1, 1922, was not erroneous, and cured the seeming inconsistency in the pleading.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by Lulu B. Evans against E. O. Evans. From judgment for plaintiff, defendant appeals. Affirmed.

Douglas, Carter & Childers, of San Antonio, for appellant.

Ben. V. King, of Eagle Pass, for appellee.

FLY, C. J. [1] This suit was instituted by appellee against appellant to recover on a promissory note for $2,250, payable to the order of her deceased husband, A. H. Evans, and on its face due on January 1, 1917. It was alleged that A. H. Evans died on September 21, 1920, leaving a will bequeathing all of his property to appellee, which will had been duly probated in November, 1920, and that appellee is the legal owner and holder of the promissory note. A letter written by appellant was pleaded to lift the bar of the statute of limitations. Appellant answered by general demurrer and special exception and a plea of four years' limitation. The cause was tried by the court, and judgment rendered in favor of appellee for $2,599.85.

It was agreed by the parties that A. H. Evans, deceased, was the husband of appellee, and that he died testate on September 21, 1920; that his will was probated in Maverick county, giving appellee all of the estate, and that the same has been duly closed; that appellee is the owner and holder of the note, which has not been paid, except interest to January 1, 1922; that a letter was written by appellant to his brother, A. H. Evans, on August 31, 1920, in which he said, among other things:

"The interest on my note was due July 1st, and I did not pay it before I left because I was afraid I might run short of money on my trip, and I did not have to spend more than I expected; I have about $300 in the bank now, and probably could pay you now, but I owe quite a number of small bills here, and would like to take care of them first, so if it is all right with you I won't send you your check till the latter part of this month (Sept.). I put $5,000 in the insurance business for Shelley,

$4,000 of which I had to borrow from the bank, but I have paid back $1,000 of that and would have payed another $1,000 by now if I had not taken a trip. I want to take up the balance of that note as soon as possible and it won't take me very long now to do so."

A. H. Evans, the brother of appellant and the owner of the note, which was shown to be the only note owed by appellant to his brother, died within three weeks after that letter was written. Appellant made payments on the note after the death of A. H. Evans, the last being made on or about January 1, 1922. Appellant did not in his pleading, nor does he now, claim that he owed any other note to A. H. Evans, when he wrote the letter from which the extract is made, nor was there any attempt to show that the note sued on was not the one to which reference is made in the letter in which he expressed a desire to "take up the balance of that note as soon as possible, and it won't take me very long now to do so."

The petition clearly showed that appellee was, as admitted by appellant, the owner and holder of the note through the will of her deceased husband. It was not incumbent on her to allege that there were no debts against the estate, nor administration pending. She, as the owner of the note, had the authority to prosecute the suit as community survivor, even though there had been no will, and, if appellant desired to show that an administration was pending, he should have pleaded and proved it. She pleaded her ownership of the note, and was suing, not as the representative of an estate, but in her own right. She had the undoubted right to maintain the suit. Walker v. Abercrombie, 61 Tex. 69. As said by the Court of Civil Appeals at Galveston through Judge Williams:

"If there was an administration in this case, it was incumbent on the defendant to plead and prove it, inasumch as the facts alleged showed, prima facie, a right of action in the plaintiff." Telegraph Co. v. Kerr, 4 Tex. Civ. App. 280, 23 S. W. 564, approved in Railway v. Groseclose (Tex. Civ. App.) 134 S. W. 736.

The agreement in the statement of facts that appellee had received all of the estate, and that it had been closed, shows the hollowness of the invoked technicality. The first assignment of error is overruled.

[2] The second, third, fourth, and fifth assignments of error are based upon a thin and insubstantial technicality, in that it is sought to avoid the acknowledgment in writing of the debt and a promise to pay it by the contention that the letter referred only to interest, and not the principal. Appellant, however, in his letter to his brother, not only promised to pay the interest, but went further, and said:

"I want to take up the balance of that note as soon as possible and it won't take me very long now to do so."

He complied up to January, 1922, with his promise to pay the interest, but seeks now to defeat a debt due the widow of his brother by a plea of limitations. Fortunately for her the letter takes the debt out of reach of limitation.

The letter evidently referred to the debt on which the suit was based, and anyway, if appellant desired to make the reference doubtful, he should have shown there were other debts. Not having done so, his acknowledgment must be taken to apply to the debt evidenced by the promissory note made the basis of the suit. Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217. The evidence shows that it was the only debt owed by appellant to his brother. Was there not a clearly implied acknowledgment of the justness of the claim when he said:

"I want to take up the balance of that note at soon as possible and it won't take me very long now to do so."

He not only admitted the debt but definitely promised to pay it. There is no defense to the note, the only object being to defeat its payment by limitations.

[3] The sixth assignment of error is without merit. The court properly overruled the exception to the allegations in the petition in regard to the checks given by appellant for the different payments of interest. If such action was error it could not have injured appellant, as, independent of the checks, which appellant had possession of, and failed to produce, appellant fully admitted the justness of the debt in the letter. The checks were not placed in evidence, and could not have had any influence on the decision of the trial judge.

[4] The eighth assignment of error claims that the judgment is excessive because it allows interest on the note from January 1, 1922, when the petition alleged that interest had been paid to July 1, 1922. There is an evident conflict and inconsistency in the allegations as to the interest, it being alleged in one part of the petition that the semiannual interest had been paid to July 1, 1922, but this is evidently an error which is shown by the allegation that the last check given was dated January 2, 1922, which was proved to have been for the interest due for the last six months of 1921, and also by the allegation afterwards made in the last paragraph of the petition "that said note is now past due and unpaid, and the interest is due thereon from January 1, 1922, to date," etc. Appellant neither alleged nor sought to prove that he had paid the interest up to July 1, 1922, but admitted that the interest was paid only to January 1, 1922. The seeming inconsistency in the pleading was cured by the judgment. McClellan v. State, 22 Tex. 405; Gillies v. Wofford, 26 Tex. 76; Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051; City

of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043; Landrum v. Turney (Tex. Civ. App.) 239 S. W. 366. No objection to the allegations or evidence was urged in the trial court.

The judgment is affirmed.